No. 21854.

Berry's Coffee Shop, Inc., a Colorado corporation, State Compensation Insurance Fund and Industrial Commission of Colorado v. Kate Radu (Kitty) Palomba.
(423 P.2d 2)

Decided January 9, 1967. Rehearing denied February 14, 1967.

370

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for plaintiffs in error Berry's Coffee Shop, Inc., a Colorado corporation, and State Compensation Insurance Fund.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

LITVAK and LITVAK, for defendant in error.

*En Banc.*

MR. JUSTICE SCHAUER delivered the opinion of the Court.

DEFENDANT in error, hereinafter referred to as the claimant, was injured on January 27, 1963, and thereafter filed a claim for compensation with the Industrial Commission of Colorado. A hearing was held before a referee, who made an award favorable to the claimant. Subsequently, the commission reversed the order of the referee and the matter was filed in the district court. The district court reversed the commission ruling and directed reinstatement of the award ordered by the referee. A motion for a new trial was denied and the employer, insurer and commission brought the matter here by writ of error.

Plaintiffs in error present a summary of arguments, as grounds for reversal, as follows:

(1) The dual purpose doctrine applies in a compensation case when the injured party's journey would have gone forward, and the claimant's trip was for her sole advantage and was personal.

(2) Jurisdiction is not conferred upon the Industrial Commission by the Workmen's Compensation Act until conditions precedent provided for by statute are accomplished.

(3) The Industrial Commission of Colorado is the fact-finding body, and when supported by substantial evidence neither the lower court nor the Supreme Court may substitute their findings for those of the Industrial Commission.

(4) Workmen's compensation benefits are not recoverable by an employee who is injured on his way to or from work.

The facts appearing in the record are undisputed. The claimant, fifty-three years of age, had been employed for approximately one year as a head waitress at Berry's Coffee Shop, Inc., hereinafter referred to as the coffee shop. Daniel Toole, the manager and operator of the coffee shop had the duty of supervision of all employees. Dissension developed among the employees which suggested the necessity of a conference between Toole and the claimant. The conference was to be held in privacy in order not to be overheard by other employees who might likely be involved in the discussion. The possible use of Toole's office, located in the basement, appeared unsatisfactory because claimant suffered from osteoarthritis, making negotiation of steps difficult, and also because employees working near the office could overhear the conversation. Claimant suggested they go to her apartment, approximately eight blocks distant, to continue the conversation, which was agreed upon by Toole.

The event occurred on a Sunday night. Toole had

gone home for dinner, pursuant to usual custom, and returned later to close the shop. He had requested claimant to await his return. He returned about eleven o'clock P.M., which was claimant's usual quitting time, although she did work overtime on occasion. On this particular occasion claimant waited for Toole, as he had instructed her to do. They drove to the apartment in their respective cars, because she expected to remain there and he expected to return to close the shop for the night after their conference was concluded. When they reached the parking area near her apartment, she alighted from her car, slipped on an icy spot and sustained the injuries of which she complains. Toole helped her to her apartment and suggested she see a doctor. Claimant stated she was all right, and they completed their conference concerning the employment situation, after which Toole returned to the shop.

In short, their business conference started at the restaurant and was terminated after they reached claimant's apartment. During this period she was under the supervision of her employer, and during this period she sustained her injuries.

The referee recommended an award of compensation to the claimant.

The general rule is that in determining whether an accident arose out of, or in the course of, the employment, each case must be decided with respect to its attendant circumstances. *Gates Rubber Company v. Industrial Commission*, 112 Colo. 480, 150 P.2d 301. This case falls under the "going to and from work" rule, referring to injuries incurred by a claimant while going to or from work, the rule being invoked in Argument No. 4, *supra*. In the absence of special circumstances, and except in certain unusual circumstances, harm or injury sustained by an employee while going to or from his work is not compensable. There are recognized exceptions to this rule arising from unusual and varying circumstances. It has been held that injuries which

occur to an employee while going to or from work may be compensable when it appears that at the time of such injuries he is engaged in doing an act, or performing a duty, which he is definitely charged with doing as a part of his contract of service, or under the express or implied direction of his employer. In *Security State Bank v. Propst*, 99 Colo. 67, 59 P.2d 798, we find the following apt quotation:

"* * * If at the time of the injury the deceased was doing what he expressly or impliedly was directed by his superiors to do — and we have held that he was — and the latter were vested with the authority to give him directions, then he was acting within the course of his employment. * * *."

See 99 C.J.S., Workmen's Compensation, § 232, and cases cited from federal courts and numerous state jurisdictions. This rule has been applied even before or after customary working hours. In several cases, the exception is referred to as a "widely accepted and well-known exception."

■ There are other exceptions mentioned in the authorities which are not pertinent here. We must hold from the evidence in this case that the claimant sustained her injuries while engaged in an act under the express or implied direction of her employer, after customary working hours and that her work had created the necessity of travel, and that the injuries sustained under such unusual circumstances are compensable.

When the employer instructed claimant to remain at her place of employment, under the circumstances here present, she was obviously remaining on the job. To have a result based on whether claimant was on the premises or elsewhere, when the same purpose was to obtain, is creating a distinction which is not realistic.

The salient point, in the fact situation here presented, appears in crystal clear focus upon consideration of the distinction of this case from the case of *University of*

*Denver v. Johnston,* 151 Colo. 465, 378 P.2d 830, which is cited as authority for reversal by plaintiffs in error. There, the deceased had left his regular employment many hours before the fatal heart attack. Here, the claimant was told by her employer to wait (stay on the job) for a conference consistent with the needs and duties of her responsibility.

■ As to the "dual purpose" doctrine asserted in Argument No. 1, *supra,* the rule is stated in 99 C.J.S., Workmen's Compensation, § 221, as follows:

"An injury suffered by an employee while performing an act for the mutual benefit of the employer and the employee is usually compensable, for when some advantage to the employer results from the employee's conduct, his act cannot be regarded as purely personal and wholly unrelated to the employment. Accordingly, an injury resulting from such an act arises out of, and in the course of, the employment; and this rule is applicable, even though the advantage to the employer is slight."

Language not dissimilar is used in the case of *Aetna Casualty and Surety Company, et al v. Industrial Commission, et al,* 110 Colo. 422, 135 P.2d 140, wherein the court cites from other authorities with approval, as follows:

"The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own * * *."

■ Under Argument No. 2, plaintiffs in error claim that the commission has no jurisdiction under the Workmen's Compensation Act until conditions precedent provided for by the statute are accomplished. C.R.S. 1963, 81-13-8, provides that a claimant, before filing a claim, shall elect in writing whether to take compensation under the act or to pursue his remedy against another. In this case, claimant had been negotiating for a settlement with the claim adjuster of the

company that had a liability insurance policy on the apartment building in front of which the accident had occurred. The negotiations had so far been unsuccessful. The notice of claim had been filed with the commission on August 27, 1963, well within the one-year period after the injury, but the election referred to had not been filed prior to this date. C.R.S. 1963, 81-13-5, provides that:

"The commission shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided by this chapter. * * *."

While the time for filing notice of claim is limited, it is also provided that such limitation shall not apply to any claimant when it is established to the satisfaction of the commission that a reasonable excuse exists for the failure to file notice of claim and the employer's rights have not been prejudiced thereby. Although this provision for excuse is not included in the section of the statute providing for the filing of the election, the legislature might well have assumed that it would apply, as the purpose of the filing in each case is very similar. It is very evident that claimant had a valid excuse for not filing an election prior to the time she protected her rights by filing notice of claim. In view of the jurisdiction conferred upon the commission, we must reject the assertion presented in Argument No. 2. This matter was not asserted before the commission.

 Under Argument No. 3, it is asserted that neither the lower court nor this court may substitute findings for the findings of the Industrial Commission when they are supported by substantial evidence. This is not a case involving a conflict in the evidence from which reasonable men may reach divergent conclusions. The evidence is not in dispute; thus, the task is one of applying the law to the established facts. Our responsibility and course of action is clearly unobstructed.

The record shows that the business conference was

initiated by the employer as a part of claimant's duties which included supervisory work; that claimant suggested the adjournment of the conference to her home in which her employer acquiesced. Further, that the employer at all times was exercising his supervisory authority over the claimant. The court found as a matter of law that the conference was within the course of the claimant's employment.

We agree with the construction placed upon the evidence by the trial court, and its adoption of the law applicable to such evidence as shown throughout the proceedings. See, *Deane Buick Company v. Kendall,* 160 Colo. 265, 417 P.2d 11.

The judgment of the trial court is affirmed and the cause remanded to the Industrial Commission, with directions to enter an award consistent with the views herein expressed.

. MR. JUSTICE DAY dissenting.

MR. JUSTICE McWILLIAMS not participating.