527 P.2d 1180 (1974)
Barbara S. WALSH, Petitioner-Appellant,
v.
INDUSTRIAL COMMISSION of the State of Colorado et al., Respondents-Appellees.
No. 74-098.
Colorado Court of Appeals, Div. III.
September 17, 1974.
Rehearing Denied October 8, 1974.
Certiorari Denied November 25, 1974.
David C. Mize, Colorado Springs, for petitioner-appellant.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent-appellee Industrial Commission of the State of Colorado.
Francis L. Bury, Robert S. Ferguson, James A. May, Denver, for respondents-appellees Colorado Cascade Corp. and State Compensation Insurance Fund.
Selected for Official Publication.
STERNBERG, Judge.
This is a workmen's compensation case. Concluding that petitioner's injuries had not occurred in the course of her employment, the Industrial Commission awarded no benefits, and the petitioner seeks review. We reverse.
There is no significant dispute over the facts. One snowy morning petitioner left her house in an unsuccessful attempt to drive to work. Drifted snow and icy conditions impeded her progress, and her vehicle became stuck approximately one-half mile from her home. She walked back to her residence, called her employer and reported that she was unable to get to work *1181 because of the weather and road conditions. As supported by the evidence and found by the referee, it was either in that conversation, or one occurring shortly thereafter with a secretary, that petitioner was told to immediately attempt to get to work by any means available to her, since she had already missed two days of work because of a snow storm. Petitioner again left her residence, and while walking back to her car on a public street she slipped on ice and fell, injuring her arm, shoulder, and neck.
C.R.S.1963, 81-13-2, states that compensation shall be awarded:
"(c) Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment;
"(d) Where the injury . . . is proximately caused by accident arising out of and in the course of his employment . . . ."
The parties agree that the general rule in Colorado, and throughout the country, is that off premises injuries are not compensable if employees have fixed hours of employment and the injury takes place while going "to or from" work. See 1 A. Larson, Workmen's Compensation Law § 15, and Industrial Commission v. Anderson, 69 Colo. 147, 169 P. 135, wherein the general rule is stated as follows:
"By the great weight of authority it appears, in the absence of special circumstances bringing the accident within the scope of the employment, that no compensation is recoverable by a workman who is injured while on his way to or from his work." (emphasis supplied)
Petitioner urges that the facts in this case were such "special circumstances" as to justify an exception to the general rule. Petitioner contends that since she was traveling to work that morning only because of her employer's instruction, which instruction had been issued with knowledge of the hazardous traveling conditions, her resulting injuries are compensable. The employer, on the other hand, urges that this fact situation does not come under any of the exceptions to the "to and from" rule.
Where the facts are undisputed, the commission's conclusions of law are not binding on us. Dorsch v. Industrial Commission, Colo.App., 518 P.2d 954. Since the salient facts here are not contested, we need only decide whether the injury arises out of the course of employment. The test is whether there is a causal connection between the duties of the employment and the injuries. Industrial Commission v. Nissen's Estate, 84 Colo. 19, 267 P. 791.
It was stated in Security State Bank v. Propst, 99 Colo. 67, 59 P.2d 798, that:
"If at the time of the injury the deceased was doing what he expressly or impliedly was directed by his superiors to do . . . and the latter were vested with the authority to give him directions, then he was acting within the course of his employment."
In a later case, Berry's Coffee Shop, Inc. v. Palomba, 161 Colo. 369, 423 P.2d 2, the court applied the holding in Security State Bank, supra, to a situation where a waitress slipped on an icy spot getting out of her car after returning home from work. The employer had accompanied her to her home to discuss a problem concerning the other employees. It was held that:
". . . the claimant sustained her injuries while engaged in an act under the express or implied direction of her employer, after customary working hours and that her work had created the necessity of travel, and that the injuries sustained under such unusual circumstances are compensable."
Because the employer persisted in directing her to come to work, she was exposed to an additional and unusual hazard: the walk from her home over an icy street to her car. Petitioner was injured performing an act necessary to her employment, while under the specific direction of her employer. Her injury, therefore, arose out of and in the course of her employment.
*1182 The employer contends that petitioner was not injured in the course of employment since the accident was caused by the snowfall, a hazard common to all. This contention is answered by the ruling in Aetna Life Insurance Co. v. Industrial Commission, 81 Colo. 233, 254 P. 995. There, a farmhand, sent by his employer to work on a neighbor's farm, was killed by lightning while returning. In affirming an award of compensation, the court stated that "since [the farmhand's] employment required him to be in a position where the lightning struck him, there was a causal relation between employment and accident, so that the latter may be said to arise out of the former." So too, petitioner's accident was causally related to the specific directions of her employer and thus arose out of her employment.
The order is reversed and the cause remanded to the commission for further proceedings consistent with this opinion.
PIERCE and BERMAN, JJ., concur.