552 P.2d 1033 (1976)
Larry DETERTS, Petitioner,
v.
TIMES PUBLISHING COMPANY et al., Respondents.
No. 75-903.
Colorado Court of Appeals, Div. I.
June 10, 1976.
Rehearing Denied June 24, 1976.
Certiorari Denied August 3, 1976.
*1034 George Reddin, Fort Morgan, for petitioner.
Zarlengo, Mott & Zarlengo, Albert E. Zarlengo, Jr., Denver, for respondents Times Pub. Co. and Commercial Union Ins. Co.
J. D. MacFarlane, Atty. Gen., Louis L. Kelley, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.
Selected for Official Publication.
COYTE, Judge.
Claimant, Larry Deterts, appeals from a final order and award of the Industrial Commission which affirmed the order of a referee denying workmen's compensation benefits to claimant on the ground that the injury complained of neither "arose out of" nor occurred "in the course of" claimant's employment. We reverse.
At the hearing before the referee only claimant and his doctor testified; consequently, in our review of the record we must consider those facts established therein as undisputed. Claimant testified that he had commenced his employment as a newspaper carrier for the Fort Morgan Times (Times Publishing Company), respondent-appellee herein, in August of 1972, at a weekly salary rate of $8. He stated that he was required to deliver his assigned newspapers before 6 P.M.; that deliveries were made right after school and until "I got them all delivered," taking approximately 2 to 3 hours; that while there was no company rule in effect precluding delivery of newspapers on foot, all the newspaper carriers rode their bicycles to deliver papers since otherwise it would take too long to make deliveries.
Claimant reported that about two weeks into the fall term of 1972, acts of vandalism *1035 occurred on the school grounds. Such acts included the theft of bicycles and deflating of bicycle tires. As a result of the vandalism, some of the delivery boys approached Mr. Spencer, owner of Times Publishing, and suggested that they be allowed to place their bicycles on the Times' premises during school hours, so that "[they] would be there when we got ready to go on our routes." With Mr. Spencer's approval, claimant and other of the news boys rode their bikes from home in the morning to the Times' building, took them to the basement by means of the freight elevator, and left them there. After school they would return and pick them up. On February 13, 1973, claimant, accompanied by two friends took his bicycle to the basement of the Times' office building and was returning on the freight elevator when he caught his foot between the elevator and the floor and suffered injury when the elevator came up on his foot.
Claimant's doctor testified that claimant had suffered a crushing injury to the foot which caused a traumatic amputation of the third and fourth toes at the proximal phalangeal joint and which required hospitalization for twelve days.
Following the hearing, the referee issued his findings of fact and order:
"From the evidence adduced at the hearing and a complete examination of the file, the referee finds that the claimant has failed to establish that he sustained an accident arising out of and in the course of his employment on February 13, 1973, or that the condition complained of resulted from accidental injury. Therefore it is ordered: that this claim for compensation of medical benefits be and the same is hereby denied and dismissed." (emphasis supplied)
In a supplemental order, the referee affirmed his original findings and further found that "the only reason the claimant was keeping the bicycle in the basement of the Times [Building] and the only reason the claimant was on the employer's premises on this particular morning was for the sole benefit of the claimant so he would not have to take his bicycle to the school grounds where vandalism was occurring." The findings of fact and award of the referee were adopted thereafter as the final award of the Commission. Claimant appeals therefrom.
The findings of fact and order of the Commission raise two issues for consideration on appeal: (1) whether claimant failed to establish that the condition complained of resulted from accidental injury; and (2) whether claimant's injury suffered on February 13, 1973, "arose out of" and "in the course of" employment.
The uncontroverted evidence presented at the hearing before the referee established that claimant suffered an accidental injury. Hence, initially we hold that the finding by the referee that claimant failed to establish "that the condition complained of resulted from accidental injury" is unsupported by any evidence and is manifestly erroneous as a matter of law. See Breckenridge Co. v. Swales Management Corp., 185 Colo. 160, 522 P.2d 737.
As to the second issue, i.e., whether claimant's injury "arose out of" and "in the course of" his employment, since the facts of this case are undisputed, the Commission's legal conclusions drawn from those facts are not binding on this court. The correctness of a legal conclusion drawn from undisputed facts is properly a matter for the appellate court. Dorsch v. Industrial Commission, Colo., 523 P.2d 458; Walsh v. Industrial Commission, 34 Colo.App. 371, 527 P.2d 1180.
Under the wording of our Workmen's Compensation Statute, then in effect, an employee was entitled to workmen's compensation benefits if he was injured in an accident "arising out of" and "in the course of" his employment. Packaging Corp. of American v. Industrial Commission, 173 Colo. 212, 477 P.2d 367; accord, *1036 City Products Corp. v. Industrial Commission, 23 Ariz.App. 362, 533 P.2d 573.
It should be noted that in 1975, § 8-52-104, C.R.S. 1973, was amended deleting the requirement that a compensable injury be "accidentally sustained."
The expression "arising out of" refers to the origin or cause of the injury, while the words "in the course of" refer to the time, place and circumstances under which the injury occurred. City Products, supra; 82 Am.Jur.2d § 241. The test in Colorado as to whether an injury has arisen out of the course of employment is whether there is a causal connection between the duties of employment and the injury suffered. Walsh, supra; Industrial Commission v. Nissen's Estate, 84 Colo. 19, 267 P. 791. The mere fact that the injury befell the claimant at the moment when he was not performing labor for his employer does not necessarily prove that the accident did not arise out of or in the course of the employment. Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404.
Thus, it must be apparent from the circumstances attendant upon claimant's injury that the cause was employment-related and that the time, place, and circumstances of the injury were not so remote from the purposes of his employment that the act in which he was engaged when injury occurred must be considered one for the benefit of claimant only. In applying our analysis, we are further directed to liberally construe our statute to effectuate its humanitarian purpose of assisting injured workers. James v. Irrigation Motor & Pump Co., Inc., 180 Colo. 195, 503 P.2d 1025. Consequently, any reasonable doubt as to whether a compensable accidental injury arose out of and in the course of employment must be resolved in favor of the claimant herein. City of Nichols Hills v. Hill, 534 P.2d 931 (Okl.).
In the instant case it is clear that there was a causal connection between claimant's duties relating to his employment and the injury that he suffered. Claimant was obligated to deliver all of his assigned papers within the two to three hour time span following his release from school and 6 P.M. His testimony that all the newspaper delivery boys delivered their papers by bicycle and that without a bicycle it took longer to deliver the papers, compels the conclusion that the bicycle was a necessary aid in the performance of his job-related duties. The fact that the Times Publishing Company through its representative, Mr. Spencer, acquiesced in the arrangement to allow the newspaper delivery boys to store their bicycles during school hours on Times' property clearly indicates a mutual benefit derived by both employee and employer. Since the bicycles were essential to the delivery of newspapers, preservation of the bicycles insured the speedy and regular delivery of the Times' newspapers.
Under the circumstances of the instant case, claimant's injury was employment-related. At the time of the unfortunate mishap, claimant was involved in an activity which he might reasonably be expected to undertake during the course of his employment, and he was at a place where he could reasonably be expected to be. See Gonzales v. Industrial Commission, 23 Ariz.App. 179, 531 P.2d 555.
Furthermore, our state has adopted the "dual purpose" doctrine which is applicable here. See Berry's Coffee Shop, Inc., v. Palomba, 161 Colo. 369, 423 P.2d 2; 99 C.J.S. Workmen's Compensation § 221. That doctrine holds that an injury suffered by an employee while performing acts for the mutual benefit of the employer and employee is usually compensable. Thus, when some advantage to an employer results from the employee's conduct, his act cannot be regarded as purely personal and wholly unrelated to employment. Dorsch, supra; Berry's, supra. There can be no question but that claimant's conduct in placing his bicycle for safekeeping on the Times' premises inured to the benefit of his employer as well as claimant and thus *1037 under the rule of Berry's and Dorsch an award of compensation benefits is appropriate.
Our decision comports with the general weight of authority which, as stated in Blair v. Armour & Co., 306 S.W.2d 84 (Mo.App.), is to the effect that:
"[I]f an employee goes upon the premises of the employer a reasonable time before he is to begin his day's work and is performing acts which have a causal connection with his duties and from which the employer will benefit, and is injured while so engaged, he is entitled to recover compensation." (emphasis supplied)
The Industrial Commission erred in not finding that claimant's injury arose out of and occurred in the course of his employment and thus was compensable. We therefore reverse the Industrial Commission order and remand for the issuance of a new order and award not inconsistent with the views herein expressed.
PIERCE and RULAND, JJ., concur.