574 P.2d 116 (1978)
Glen W. ROGERS, Petitioner,
v.
INDUSTRIAL COMMISSION of Colorado, City and County of Denver, and State Compensation Insurance Fund, Respondents.
No. 77-285.
Colorado Court of Appeals, Div. I.
January 5, 1978.
*117 Geer & Goodwin, P. C., Robert E. Goodwin, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondent Industrial Commission.
William J. Baum, Bonner E. Templeton, Denver, for respondents City and County of Denver and State Compensation Insurance Fund.
SILVERSTEIN, Chief Judge.
Glen W. Rogers, a Denver policeman, seeks workmen's compensation for injuries arising out of an accident which occurred while he was riding his own motorcycle on his way to work. The referee determined that the injuries did not arise out of and in the course of his employment. On review, the Industrial Commission approved and adopted the referee's findings and conclusions and entered a "no award" order, in conformity with § 8-52-102(1)(b), C.R.S. 1973. Rogers seeks review of that order. We affirm.
"In the absence of special circumstances, and except in certain unusual circumstances, harm or injury sustained by an employee while going to or from his work is not compensable." Berry's Coffee Shop, Inc. v. Palomba, 161 Colo. 369, 423 P.2d 2 (1967). Rogers contends that either the above rule should be abandoned or that special circumstances exist here which bring him within one of the many exceptions to the rule. We do not agree.
First, we adhere to the above quoted principle on the basis of the well established rule that "where a legislature re-enacts or amends a statute and does not change a section previously interpreted by settled judicial construction, it must be concluded that the legislature has agreed with the judicial construction." Music City, Inc. v. Estate of Duncan, 185 Colo. 245, 523 P.2d 983 (1974). Since the "to and from work" rule was first enunciated, the Workmen's Compensation Act has been amended and re-enacted many times without alteration as to this issue. Therefore we will not abandon the settled law.
The special circumstance relied on by Rogers is that, under the applicable police department regulation, he is required to be "always on duty, although periodically relieved from [his] performance of it." Denver Police Department Operations Manual Rule 107. Here, Rogers was en route from his residence to the police forensic laboratory, his place of employment. He was not in uniform but carried his service revolver, badge, and police identification card, as required by police regulations. Rogers argues that under the above quoted regulation, he would have been required to respond to an emergency while on his way to work, and that he was therefore actually in the course of his employment at the time of the accident; thus, he concludes that the "to and from" rule is not applicable to him.
*118 There is no Colorado case interpreting the effect of Rule 107, or similar rules, on the employer's workmen's compensation liability. However, a regulation cannot make that which is clearly not incident to employment fall within the course of employment. See City and County of Denver v. Lee, 168 Colo. 208, 450 P.2d 352 (1969).
Rules similar to Rule 107 have been held in many states not to provide an exception, or special circumstance, which would entitle a claimant to compensation under the "to and from" rule. The controlling factor is whether, at the time of the accident, the officer was actually engaged in the performance of law enforcement activities. State Compensation Insurance Fund v. Workmen's Compensation Appeals Board, 29 Cal.App.3d 902, 106 Cal.Rptr. 39 (1973). Where the policeman is not engaged in police work when the injury occurred, no compensation is awarded. Blackley v. City of Niagara Falls, 284 App. Div. 51, 130 N.Y.S.2d 77 (1954). Accord, Baughman v. City of Omaha, 142 Neb. 663, 7 N.W.2d 365 (1943) and McKiernan v. City of New Haven, 151 Conn. 496, 199 A.2d 695 (1964).
This criterion is in accord with the general rule in Colorado that in order for an injury to be compensable, the employee, at the time of the accident, must be "engaged in doing an act, or performing a duty, which he is definitely charged with doing as a part of his contract of service, or under the express or implied direction of his employer." Berry's Coffee Shop, supra. Here, Rogers was not performing any police duties in response to any direct order, nor responding to a call from a private person, nor handling any emergency. Also, in contrast to the case on which he relies, Dore v. City and County of Denver, 28 Colo.App. 324, 474 P.2d 190 (1970), modified in City and County of Denver v. Dore, 176 Colo. 367, 490 P.2d 694 (1971), he was not responding to an emergency, but was merely traveling to work. Therefore, the order of the Commission was proper.
Rogers' other claims are also without merit.
Order affirmed.
COYTE and PIERCE, JJ., concur.