601 P.2d 648 (1979)
Michel O. CONLEY, Deceased, and his heirs, Petitioners,
v.
INDUSTRIAL COMMISSION of Colorado, the Director of the Division of Labor and the Department of Labor and Employment, State of Colorado, Estes Park Police Department, Employer, and State Compensation Insurance Fund, Insuror, Respondents.
No. 78-966.
Colorado Court of Appeals, Div. III.
July 5, 1979.
Rehearing Denied August 2, 1979.
Certiorari Denied October 15, 1979.
*649 D. Morgan Dilling, Colorado Springs, for petitioners.
William J. Baum, Dale A. Gerlach, Denver, for respondents.
RULAND, Judge.
Claimants, the heirs of Michel O. Conley, seek review of an order of the Industrial Commission denying their claim for death benefits from respondents, City of Estes Park and State Compensation Insurance Fund. We reverse.
The relevant facts are not in dispute. On July 31, 1976, the deceased was employed by the city as a police officer. His employment obligated him to "pull [his] . . . oath [of office] 24 hours a day."
Decedent, while off duty, had traveled to Loveland, Colorado, to meet his wife at the bus station for the purpose of returning her to Estes Park. In the course of the return trip, the couple entered Big Thompson Canyon, and decedent noted the flood conditions and the fact that a rock and mud slide had crossed the highway. The decedent parked his automobile and contacted the Colorado State Patrol and the Loveland Police Department by telephone. He also attempted to reach the Estes Park Police Department, but the telephone lines were apparently down. The decedent then set flares on the highway and took steps to direct automobile traffic out of the canyon. Ultimately he was killed in the flood.
On the same evening, police officers employed by Estes Park were stationed at roadblocks both inside the city limits and outside the city in Larimer County, assisting sheriff's officers and National Park employees in controlling traffic. With reference to the cooperative efforts between officers of Estes Park and deputies of the sheriff's department, the chief of police for Estes Park testified:
"Q Chief, in your experience in being connected with the Estes Park police department, when an emergency situation is created, is it your experience that the Estes Park police department does assist the county as well as the State Patrol?
A Yes.
Q And have those departments likewise assisted you or your police department in emergency situations?

*650 A Yes.
.....
Q Is this assistance generally on request, or is it volunteered?
A It depends on the immediate situation. It sometimes will be initiated without any request. Other times there is a request made. It depends on the immediacy of the situation." (emphasis supplied)
The Commission found that decedent's death occurred when he volunteered to assist in a disaster, but not while he was in the course and scope of his employment as a police officer for Estes Park. The Commission approved and adopted the referee's conclusion that a police officer "can only return to the course and scope of his employment within the appointing authority's jurisdiction, otherwise, he acts as a private citizen."
Insofar as pertinent here, § 29-5-103, C.R.S.1973, provides that, absent a city ordinance to the contrary, the chief of police may, upon request from the sheriff of a county, assign police officers to perform temporary duties in the county. Section 29-5-104, C.R.S.1973, authorizes the sheriff to request this assistance when he "deems that an emergency exists . . . and. . . under such terms and conditions as shall be agreed upon between the requesting and assigning chiefs of police or sheriffs." Section 29-5-109, C.R.S.1973, provides that the coverage of any police officer under the Workmen's Compensation Act shall not be affected by the officer's performance of temporary duties in the county pursuant to Sections 103 and 104, and that the officer is covered as if he was performing his regular duties in the city.
Well established legal principles govern this review. Where, as here, the material facts are not in dispute, an appellate court is not bound by the legal conclusions reached by the Commission. Dorsch v. Industrial Commission, 185 Colo. 219, 523 P.2d 458 (1974); Walsh v. Industrial Commission, 34 Colo.App. 371, 527 P.2d 1180 (1974). And, we are directed to liberally construe the Workmen's Compensation Act in order to effectuate its humanitarian purpose of assisting injured workers. Claimants in re Death of Garner v. Vanadium Corp. of America, Colo., 572 P.2d 1205 (1978); James v. Irrigation Motor & Pump Co., 180 Colo. 195, 503 P.2d 1025 (1972). Consequently, any reasonable doubt as to whether a compensable accidental injury or death arose out of and in the course of employment must be resolved in favor of the claimant. Deterts v. Times Publishing Co., 38 Colo. App. 48, 552 P.2d 1033 (1976). Applying these principles here, we hold that the Commission erred in concluding that the decedent's death did not arise out of and in the course of his employment.
A decedent's death arises out of his employment "`if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects.. . .'" University of Denver v. Nemeth, 127 Colo. 385, 257 P.2d 423 (1953). (emphasis added) The parties agree that the flood of the Big Thompson Canyon presented an emergency situation in Larimer County. Further it is apparent that decedent was performing duties that a police officer or sheriff's deputy would ordinarily perform in conjunction with such an emergency. Indeed similar duties were being performed contemporaneously by other members of the Estes Park Police Department at another location in the county. Hence, the fact that decedent was off duty prior to the onset of the emergency does not bar a claim for compensation, see Rogers v. Industrial Commission, 40 Colo.App. 313, 574 P.2d 116 (1978), especially where, as here, he was "`on call' twenty-four hours a day, seven days a week." See Game & Fish Department v. Pardoe, 147 Colo. 363, 363 P.2d 1067 (1961).
Conversely, and contrary to respondents' contentions, §§ 29-5-103 and 29-5-104, C.R.S.1973, do not preclude the chief of police and the sheriff from in effect agreeing in advance as they did here that assistance by one agency to the other will be rendered in an emergency, and, that the necessity of a formal request for assistance *651 under this agreement would depend upon the "immediacy of the situation." Also, contrary to the Commission's ruling, there is no requirement that an officer return to the city before entering the county to assist in such an emergency.
To construe these statutes as urged by respondents would lead to absurd results. For example, an officer en route through the county to the city who personally observed a sheriff's deputy being assaulted would have to first return to the city, contact the sheriff, and advise the sheriff of the crime in progress. The sheriff would then have to contact the chief of police, request assistance, and only then could the officer come to the aid of the deputy, secure in the knowledge that any injuries received would be covered by workmen's compensation.
The Commission's order is set aside and the cause is remanded for the issuance of a new order and award not inconsistent with the views herein expressed.
SMITH and BERMAN, JJ., concur.