MINERAL COUNTY, Employer, and State Compensation Insurance Fund, Insurer, Petitioners,

v.

INDUSTRIAL COMMISSION OF COLORADO, and Claimant in the Matter of the Death of John McCaghren, Respondents.

No. 81CA1158.

Colorado Court of Appeals, Div. III.

April 29, 1982.

Rehearing Denied June 10, 1982.

Certiorari Denied Aug. 3, 1982.

Samuel H. Collins, William J. Baum, Denver, for petitioners.

Carlos F. Lucero, P. C., Alice M. Price, Alamosa, for respondent Claimant in the Matter of the Death of John H. McCaghren.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.

KIRSHBAUM, Judge.

Petitioners, Mineral County and State Compensation Insurance Fund, seek review of a final order of the Industrial Commission awarding death benefits and funeral expenses to the wife of John M. McCaghren (decedent). We affirm.

The operative facts are undisputed. Decedent, the only member of the Mineral County Sheriff Department, was effectively on duty 24 hours a day. He had a sheriff's radio and telephone at his home. On the evening of May 2, 1979, decedent and his wife were driving to a restaurant in his official car. He was in uniform, having just served some legal papers. Decedent stopped at the local Elks Lodge to inform someone that he would not attend that evening's meeting. Decedent remained for 10 to 15 minutes, consumed a half of a drink of liquor, and left the club. A short time later decedent was found lying on the sidewalk in front of the steps to the club. He had sustained a head injury, which injury subsequently caused his death.

The referee found that the county was the decedent's employer, that the entire county constituted the employer's premises, and that, therefore, the decedent was injured on the premises of the employer. The referee further found that even though decedent's motivation in entering the Elks Lodge was personal in nature, his activities while in uniform always partook of a dual nature. Finally, the referee found that at the time of his injury decedent had departed the club and "had returned to the public area where his sole mission was his employer's business." The referee concluded that decedent was on his employer's premises and engaged in the course of his employment at the time of the injury. The Industrial Commission, with one commissioner dissenting, affirmed this decision.

Petitioners contend that the Commission erred in finding that decedent's injury occurred in the course of his employment and in failing to apply the "to and from work" rule to bar recovery of benefits. We disagree.

■ In the absence of special circumstances, injury sustained by an employee while going to or from his work is not compensable. *Berry's Coffee Shop, Inc. v. Palomba*, 161 Colo. 369, 423 P.2d 2 (1967). Petitioners rely upon *Rogers v. Industrial Commission*, 40 Colo.App. 313, 574 P.2d 116

(1978) to support their argument that decedent was not eligible for benefits. In *Rogers*, a policeman not in uniform was injured while riding his own motorcycle to his assigned work shift. He contended that the "to and from work" rule was inapplicable because of the special circumstance that, under Denver Police Department regulations, he was considered "always on duty, although periodically relieved from [his] performance of it." This court concluded that the circumstances were not sufficient to render Rogers' injury compensable, stating that "[t]he controlling factor is whether, at the time of the accident, the officer was actually engaged in the performance of law enforcement activities." *Rogers* is distinguishable from the instant case.

 The propriety of the Commission's determination whether an accident has occurred in the course of employment depends on an examination of the totality of the circumstances. *See City & County of Denver School District No. 1 v. Industrial Commission*, 196 Colo. 131, 581 P.2d 1162 (1978); *Berry's Coffee Shop, Inc. v. Palomba, supra*. Here, decedent was the only member of Mineral County's sheriff department. He was considered to be on duty 24 hours every day, did not have a specified work shift, and could even be reached at home by sheriff's radio or telephone at any time of the day or night. Decedent had concluded his visit to the club and was returning to his official car, which was furnished by employer. *Cf. City & County of Denver School District No. 1 v. Industrial Commission, supra; J. C. Carlile Corp. v. Antaki*, 162 Colo. 376, 426 P.2d 549 (1967). Moreover, decedent was in uniform at the time of the accident—an apparent necessity in view of the unique circumstances of his employment. *Compare Garzoli v. Workmen's Compensation Appeals Board*, 2 Cal.3d 502, 86 Cal.Rptr. 1, 467 P.2d 833 (1970) *with State Compensation Insurance Fund v. Workmen's Compensation Appeals Board*, 29 Cal.App.3d 902, 106 Cal.Rptr. 39 (1973). In light of the totality of the above circumstances, the Commission did not err in implicitly finding that decedent's journey to dinner was within the course of his employment. *Cf. City & County of Denver School District No. 1 v. Industrial Commission, supra; J. C. Carlile Corp. v. Antaki, supra; Collier v. County of Nassau*, 46 A.D.2d 970, 362 N.Y.S.2d 52 (1974).

We next consider whether decedent's interruption in his journey to stop at the Elks Lodge renders his injury noncompensable. We hold that it does not.

 The Commission found that at the time of decedent's injury he had ceased any personal errand and had re-entered the course of his employment. These findings are supported both by the law, *see Pat's Power Tongs, Inc. v. Miller*, 172 Colo. 541, 474 P.2d 613 (1970); *Mohawk Rubber Co. v. Cribbs*, 165 Colo. 526, 440 P.2d 785 (1968), and the evidence. Hence, we will not disturb them on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

Order affirmed.

SMITH and KELLY, JJ., concur.