**LOFFLAND BROTHERS, and National Union Fire, Petitioners,**

v.

**Mike L. BACA, Richard J. Wise, and Peter Nims, individually and as members of the Industrial Commission of Colorado, Charles McGrath, Director of the Division of Labor, and Steven E. Bounds, Gary Bizer, and Hank E. Cox, Respondents.**

Nos. 81CA0836, 81CA0895 and 81CA0896.

Colorado Court of Appeals,
Div. II.

May 6, 1982.

Rehearing Denied June 10, 1982.

Certiorari Denied Sept. 7, 1982.

Watson, Nathan & Bremer, P. C., Anne Smith Meyers, Peter Watson, Denver, for petitioners.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Industrial Com'n of Colorado.

Distel, Homes & Massey, Eddie G. Distel, Grand Junction, for respondents Steven E. Bounds, Gary Bizer and Hank E. Cox.

PIERCE, Judge.

This action consolidates the workmen's compensation claims of three employees of Loffland Brothers Company injured in a single accident. Loffland Brothers and its insurer challenge the award of benefits. We affirm.

Loffland Brothers engaged in the business of drilling for oil and gas, and it is their practice to have their drilling employees assigned to a driller on a particular drilling rig. The employees are to remain with the driller on a particular drilling site until it is completed. If there is other work available at the completion of that job, they remain in the company's employ. If not, they become unemployed or go to work for another drilling company.

The three employees involved in these claims were hired from a Loffland Brothers office in Colorado to work on a drilling rig in Vernal, Utah. Two had worked for Loffland Brothers on previous jobs, and one was a new employee. Transportation to and from their homes to the drilling site was provided by the driller who transported the employees to the drilling site in his vehicle or in one owned by his wife. The driller was paid on a mileage basis by Loffland Brothers for transporting the other employees to and from the job. If one of the employees was not present at the place where he was to be picked up to go to work, or if the employee elected otherwise, the employee had to furnish his own transportation to and from a job on a particular day.

These three claimants had been working for Loffland Brothers at this particular job site in Utah for approximately 2 months. On April 29, 1980, all three claimants were riding to work in a vehicle driven by the driller and they were all injured in a one-vehicle accident in Utah.

The Industrial Commission ruled that it had jurisdiction over these claims and that the injuries sustained by the claimants arose out of and in the course of their employment with Loffland Brothers Company. We agree with that ruling.

■ The first issue raised by Loffland Brothers and its insurance carrier is whether the Industrial Commission has any jurisdiction to consider liability for injuries resulting from this accident. We rule that it does.

Section 8–46–204, C.R.S.1973, provides in pertinent part, as follows:

"If an employee who has been hired ... in this state receives personal injuries in an accident arising out of and in the course of such employment outside of this state, he ... shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six months after leaving this state ...."

The facts of this case place it squarely within the terms of this statute, and therefore, the Industrial Commission had jurisdiction to consider the liability for these injuries. *See State Compensation Insurance Fund v. Howington*, 133 Colo. 583, 298 P.2d 963 (1956).

■ The other issue raised on appeal is whether the injuries sustained by these claimants arose out of and within the scope of their employment. Again, we rule that they did.

■ In determining whether or not an employee is within the scope of his employment "[t]he totality of the circumstances must be examined in each case to see whether there is a sufficient nexus between the employment and the injury so that it may be said that the action occurred within the scope of employment." *Denver School District No. 1 v. Industrial Commission*, 196 Colo. 131, 581 P.2d 1162 (1978). If an employee's travel is at the express or implied request of the employer, or if the travel confers a benefit on the employer beyond

the sole fact of the employee's arrival, or if the employer makes provisions for the employee's transportation, then any resulting disability is found to be within the scope of employment. *See Denver School District No. 1 v. Industrial Commission, supra; J.C. Carlile Corp. v. Antaki,* 162 Colo. 376, 426 P.2d 549 (1967).

Here, where the employer required the employees to travel a considerable distance to their job, where there was a benefit to the employer in having a full crew on hand, and where they had made arrangements to pay the driller to collect the crew and bring them to the drill site so as to make it more probable that a full crew would be on hand, the accident did occur within the course of and arise out of the employment of these claimants.

The orders are affirmed.

BERMAN and STERNBERG, JJ., concur.