**DYNALECTRON CORPORATION, and National Union Fire Insurance Company, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Director, Department of Labor and Employment, Division of Labor, State of Colorado and Andrea Moore, Respondents.**

No. 82CA0641.

Colorado Court of Appeals, Div. I.

Dec. 23, 1982.

Rehearing Denied Jan. 20, 1983.

Certiorari Denied March 14, 1983.

Greengard, Blackman & Senter, Lawrence D. Blackman, Scott R. Cook, Denver, for petitioners.

J.D. MacFarlane, Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

Anderson, Calder, Lembke & Sandman, Jeffrey I. Sandman, Aurora, for respondent Andrea Moore.

STERNBERG, Judge.

Petitioners, Dynalectron Corporation (employer) and National Union Fire Insurance Company, seek review of a final order of the Industrial Commission awarding claimant, Andrea Moore, medical and temporary total disability benefits. We affirm.

Claimant was employed in a supervisory capacity. On August 5, 1980, the employer sponsored a dinner meeting to which selected employees, including claimant, were invited. The written invitation from claimant's supervisor indicated that certain executives from corporate headquarters would be present and stated: "If for some reason you cannot attend, please notify my office today if at all possible so we may firm up reservations." Claimant testified that she felt that attendance was required "unless

you had a very good excuse." She also noted that, when she had arrived late at a prior similar function, she had been admonished by her supervisor that she was supposed to be there at the start of the meeting.

On August 5, claimant left work, went home, and then drove to the restaurant where the meeting was being held. The employer paid for the dinner and drinks at the meeting. Claimant participated in business and social discussions prior to and after dinner. During the meeting, corporate executives were introduced, there was a discussion about a lost contract, and comments were made about the performance of certain employees. After the meeting, while on her way home, claimant was severely injured in an automobile accident.

The referee found that claimant was required to attend the meeting, that the employer derived a tangible benefit from claimant's attendance, and that claimant's injuries were compensable because her travel from the meeting came within an exception to the "to and from" work rule. The Commission affirmed, finding that claimant was under an implied compulsion to attend the meeting, that travel to and from the meeting was causally connected with her employment, and that claimant's journey came within an exception to the "to and from" work rule because she was subjected by the employer to a hazard she would ordinarily not have encountered. *See Berry's Coffee Shop, Inc. v. Palomba,* 161 Colo. 369, 423 P.2d 2 (1967). *See also* 1 *A. Larson, Workmen's Compensation Law* § 16.10 (1978).

■ On review, petitioners first contend that the dinner meeting was not an activity arising out of and in the course of claimant's employment. They argue that the Commission erred in finding that claimant was under an implied compulsion to attend. However, this finding is binding on review because it is supported by the evidence and the plausible inferences to be drawn therefrom. *See McGinn v. Industrial Commission,* 31 Colo.App. 6, 496 P.2d 1080 (1972). *See also* 1A *A. Larson, supra,* at § 22.22

(compulsion need not take form of direct order if employee is made to understand that he is to take part in the activity).

Petitioners also argue that the employer received no benefit from the meeting other than the indirect benefit of improved employee morale. *See Garrett v. Miller,* 44 Colo.App. 440, 619 P.2d 780 (1980). However, it is apparent from the record that business was conducted at the meeting and that, therefore, the employer received a direct benefit. Claimant's activities cannot be regarded as purely personal. *See Deters v. Times Publishing Co.,* 38 Colo.App. 48, 552 P.2d 1033 (1976).

Petitioners also assert that claimant's accident while on the way home from the dinner meeting came within the rule proscribing compensation for injuries sustained while going "to and from" work. *Berry's Coffee Shop, Inc. v. Palomba, supra.* We disagree.

■ Here, claimant was attending an off-premises dinner meeting, after normal working hours, under at least the implied direction of her employer, and travel to and from the meeting was a necessity. These special circumstances justify the Commission's determination that claimant's injuries while returning from the meeting were compensable. *Cf. Berry's Coffee Shop, Inc., supra; Walsh v. Industrial Commission,* 34 Colo.App. 371, 527 P.2d 1180 (1974).

Under these facts we adopt the "special errand" rule as stated in 1 *A. Larson, supra,* § 16.10:

"When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the special inconvenience [or] hazard . . . of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself."

*See also* 1A *A. Larson, supra,* §§ 22.22 and 22.23.

The order is affirmed.

COYTE and BERMAN, JJ., concur.