COLORADO CIVIL AIR PATROL, and State Compensation Insurance Fund, Petitioners,

v.

Thomas L. HAGANS and Industrial Commission of Colorado, Respondents.

No. 82CA0747.

Colorado Court of Appeals, Div. II.

March 10, 1983.

Edward V. Frayle, William J. Baum, Denver, for petitioners.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents.

TURSI, Judge.

Petitioners, Colorado Civil Air Patrol (C.A.P.) and State Compensation Insurance Fund, seek review of a final order of the Industrial Commission awarding medical expenses and temporary total disability benefits to claimant, Thomas L. Hagans. We affirm the order.

Hagans was a volunteer member of the C.A.P., which is organized under the U.S. Air Force and engages in search and rescue operations and assists in times of emergency or disaster. He was not compensated for his services as a C.A.P. member. He had attended C.A.P. meetings, which were held at the Lamar Municipal Airport and which involved training, including discussion of C.A.P. procedure, new rules and regula-tions, and other incidental information. Attendance at meetings was "required" because members did not get training otherwise and could lose their good standing for nonattendance.

On March 11, 1980, Hagans and his brother, who was also a C.A.P. member, left Hagans' ranch in the brother's plane to attend a regularly scheduled C.A.P. meeting. The ranch was about 75 miles away from the Lamar Municipal Airport. The mode of transportation to the meetings was the individual member's choice, and the commander of the Lamar squadron of the C.A.P. had approved of the Hagans flying to meetings. The cost of transportation was borne by the individual members. En route to the meeting, Hagans and his brother received word that they could not land at Lamar because of weather conditions. After turning around to return to the ranch, the plane crashed and Hagans was injured.

The referee found that Hagans was considered to be under C.A.P. jurisdiction from the time of leaving home until his return following the meeting, and that the only purpose for undertaking the travel was to attend the meeting. The referee concluded that Hagans was an employee under § 8–41–106(1)(a)(I)(A), C.R.S.1973 (1982 Cum. Supp.), and that his injuries arose out of and in the course of his employment.

On review, the Commission affirmed, concluding that the essential elements of § 8–41–106(1)(a)(I)(A), C.R.S.1973 (1982 Cum.Supp.) were met because Hagans was in the service of the state as a volunteer of the C.A.P., traveling on duty while attempting to attend organized training, or organized drill or practice. The Commission further concluded that traveling to attend was included in the activity by necessity; that Hagans' duty encompassed all of his activity from leaving for the meeting until his return; that he was traveling at the behest of his employer; that, therefore, his injury during travel arose out of and in the course of his employment; and that Hagans' activities generated some benefit to the C.A.P. and, thus, had a dual purpose. *See Deterts v. Times Publishing Co.,* 38 Colo.App. 48, 552 P.2d 1033 (1976).

We agree with the Commission's conclusion that Hagans was an employee. Section 8–41–106(1)(a)(I)(A), C.R.S.1973 (1982 Cum. Supp.), defines employee, and includes in pertinent part:

"all members of the civil air patrol, Colorado wing, while said persons are actually performing duties as ... members of the civil air patrol, Colorado wing, and while engaged in organized drills, practice, or training necessary or proper for the performance of such duties."

■ Where the findings of the Industrial Commission are supported by substantial record evidence, they are binding on an appellate court, *O.P. Skaggs Co. v. Nixon*, 101 Colo. 203, 72 P.2d 1102 (1937); *Tatum-Reese Development Corp. v. Industrial Commission*, 30 Colo.App. 149, 490 P.2d 94 (1971).

■ The general rule is that an employee injured while traveling to or from work is not entitled to compensation; however, this rule is subject to exception when special circumstances bring the accident within the course of employment. *Martin K. Eby Construction Co. v. Industrial Commission*, 151 Colo. 320, 377 P.2d 745 (1963); *Comstock v. Bivens*, 78 Colo. 107, 239 P. 869 (1925). Among such special circumstances is the exception that an employer may agree, expressly or impliedly, that the employment relation shall continue during the period of coming and going. *Martin K. Eby v. Industrial Commission, supra*. Such an agreement may be inferred here. The C.A.P. commander testified that, under patrol regulations, its members are pursuing C.A.P. duties from the time they leave home to attend a meeting until they return. This testimony supports the finding of the Commission that "traveling to attend was included in the activity by necessity; the duty of claimant encompassed all of his activity from the moment of entering the aircraft to depart for the meeting, through the time of travel."

■ Thus, when a claimant, at the time of his injury, is performing a duty with which he is charged as a part of his contract for service, or under the express or implied direction of his employer, he is within the course of his employment under the Workmen's Compensation Act. *Berry's Coffee Shop, Inc. v. Palomba*, 161 Colo. 369, 423 P.2d 2 (1967). Hagan's travel to the required meeting was such a duty.

Consequently, there is substantial evidence in the record to support the Industrial Commission's holding that claimant was an employee under § 8–41–106(1)(a)(I)(A), and that he was injured in an accident arising out of and in the course of his employment.

Order affirmed.

PIERCE and SMITH, JJ., concur.