**VARSITY CONTRACTORS AND HOME INSURANCE COMPANY, Petitioners,**

v.

**Mike L. BACA and John J. McDonald, as members of the Industrial Commission of the State of Colorado, and the Industrial Commission of the State of Colorado, Charles McGrath, Director of the Division of Labor, and Theodore Smith, Respondents.**

**No. 84CA0498.**

Colorado Court of Appeals,
Div. III.

June 13, 1985.

Rehearings Denied Aug. 1, 1985.

Certiorari Denied Nov. 12, 1985.

Watson, Nathan & Bremer, P.C., Peter P. Watson, Christina M. Habas, Denver, for petitioners.

Lynch & Dawson, P.C., Suzanne H. Lynch, Denver, for respondent Theodore Smith.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Mike L. Baca, John J. McDonald, Indus. Comm. and Charles McGrath, Director of the Div. of Labor.

BABCOCK, Judge.

Employer, Varsity Contractors, and insurer, Home Insurance Company, (petitioners) seek review of a final order of the Industrial Commission awarding claimant, Theodore Smith, workmen's compensation benefits for an injury resulting from an automobile accident. We set aside the order.

Claimant testified that he was employed by Varsity in a supervisory capacity. On the day of the accident, claimant met a friend at a bar after work and was injured in an accident on the way home from the bar. He was charged with driving while intoxicated as a result of the accident. Claimant testified that he had expected to return to work that evening to substitute for an unavailable co-worker, and that he had intended to shower, change his clothes, and await a call from his supervisor when he reached home.

A personal injury protection (PIP) insurance claim form signed by claimant was admitted at the hearing. On this form claimant answered "No" to the question, "At the time of the accident were you working for your employer?" However, claimant testified that he was instructed by the employer to list the accident as non-work related to facilitate recovery under the policy. There was evidence that claimant was allowed personal use of the company car which he was driving at the time of the accident.

At the conclusion of the hearing before the Division, the hearing officer found that claimant's accident was not compensable because it occurred while he was traveling between work and home, because he was doing nothing in furtherance of employer's business, and because of the admission on the PIP form that he was not working for his employer when the accident occurred.

The Industrial Commission reversed the order of the hearing officer finding that the preponderance of the evidence established that claimant was engaged in an activity benefiting both claimant and the employer at the time of the accident. The Commission further found that claimant's admission on his PIP form was negated by his testimony that he was merely following the instructions of his employer.

On review, petitioners contend that the Commission erred in determining that the injuries claimant suffered while traveling home were compensable. We agree.

Ordinarily, an employee injured while traveling to or from work is not entitled to compensation. *See Berry's Coffee Shop, Inc. v. Palomba,* 161 Colo. 369, 423 P.2d 2 (1967); *Colorado Civil Air Patrol v. Hagans,* 662 P.2d 194 (Colo.App. 1983). Off-premises injuries may be compensable, however, under special circumstances in which a causal connection exists between the employment and the injury. *Perry v. Crawford & Co.,* 677 P.2d 416 (Colo.App.1983). Thus, if an employee's travel is at the express or implied request of the employer, or if the travel confers a benefit on the employer beyond the sole fact of the employee's arrival at work, the travel is within the scope of employment. *Loffland Brothers v. Baca,* 651 P.2d 431 (Colo.App.1982).

Here, there was testimony that claimant was going home in order to shower and change clothes in preparation for working another shift that night. However, we agree with petitioners that this assertion, even if accepted, is insufficient to constitute the requisite special circumstance. Every employee can be expected

to return home after work to eat, sleep, bathe, and change clothes before returning to work. Claimant has advanced no persuasive argument why commuting home to perform these functions should be within the scope of employment if the employee intends to return to work in the evening, but not if the employee intends only to return to work the following morning.

Claimant, however, adverts to several other factors allegedly tending to establish that he was acting within the scope of his employment: He sometimes did office work at home; the car and gas were provided by employer for his personal use; and he carried a beeper and, therefore, was "on call" while driving home. Under the circumstances of this case, we judge these factors to be insufficient.

First, there was no evidence that claimant intended to perform office work at home on the evening of the accident, or that claimant performed work for employer at home with sufficient regularity that "it can genuinely and not fictitiously be said that the home has become part of the employment premises." 1 A. Larson, *Workmen's Compensation Law* § 18.31 at 4–306 (1984).

Second, the car in which claimant was injured was provided for both personal and business use and was neither operated by, nor under the direct control, of the employer. Thus, an injury resulting from claimant's operation of the vehicle did not arise from the employment. *Cf. Loffland Brothers v. Baca, supra* (employee transported in vehicle under exclusive control of employer); *Industrial Commission v. Lavach,* 165 Colo. 433, 439 P.2d 359 (1968) (vehicle available for employment purposes and commuting only).

■ Finally, the mere fact that claimant was "on call" is insufficient to transform traveling home into the performance of employment activities. *See Rogers v. Industrial Commission,* 40 Colo.App. 313, 574 P.2d 116 (1978); *cf. Mineral County v. Industrial Commission,* 649 P.2d 728 (Colo.App.1982) (sheriff on duty 24 hours every day was within course of employment while traveling to dinner).

■ Moreover, the Commission erred in substituting its assessment of claimant's credibility regarding his explanation of the admission on the PIP form for that of the hearing officer. Resolution of the credibility of witnesses by the hearing officer is a question of evidentiary fact which is binding on review. *See* § 8–53–111(7), C.R.S. (1984 Cum.Supp.); *Prestige Homes, Inc. v. Legouffe,* 658 P.2d 850 (Colo.1983). Thus, it was within the discretion of the hearing officer to accept the admission on the PIP form rather than claimant's explanation and, accordingly, to find that claimant was not acting within the scope of his employment when the accident occurred.

The order is set aside and the cause is remanded for entry of a new order affirming the order of the hearing officer.

VAN CISE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The Industrial Commission reviewed the entire record and concluded that the hearing officer's decision should be reversed because it was contrary to the weight of the evidence. Further, the Commission concluded that the hearing officer had erroneously applied the "going to and from work rule" to this claim. I agree with both conclusions.

Petitions to review the orders of a hearing officer are subject to § 8–53–111(7), C.R.S. (1984 Cum.Supp.). The sole restrictions in this section on the Commission's power of review are that it shall limit its review to issues raised in the petition for review and that it shall not alter findings of evidentiary facts if they are supported by substantial evidence. Here, the Commission did not set aside any finding of evidentiary fact. The hearing officer made no finding concerning the credibility of claimant's explanation of why he had filed the PIP claim; rather, he concluded that

the filing of the PIP report apparently established that claimant was not within the scope of his employment. This conclusion is not binding upon the Industrial Commission. *See Industrial Commission v. Jones*, 688 P.2d 1116 (Colo.1984); *Baca v. Helm*, 682 P.2d 474 (Colo.1984).

The Commission concluded that the claimant was engaged in activities rising out of and in the course of his employment at the time of the accident and injury. Section 8–52–102(1), C.R.S. (1984 Cum. Supp.). The test it applied was whether the acts of the claimant, though partially for his personal benefit, also contained benefit for the employer in pursuit of the duties of employment. *See Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976), and its progeny.

Here, it is not disputed that the claimant frequently returned to work after normal business hours. Further, the Commission found from undisputed evidence that the claimant was required to wear a beeper or pager, included with the vehicle, so that his subordinates could contact him; that he was going home from the inn to shower and change his clothes to go out again for purposes of his work for the employer; that he had worked for the employer at home after regular business hours on a regular basis, writing reports there, supervised employees from his home, and responded to their calls for assistance over the phone.

The factual situation in this case falls within the purview of the rule announced in *Carlile Corp. v. Antaki*, 162 Colo. 376, 426 P.2d 549 (1967). *See also Denver School District No. 1 v. Industrial Commission*, 196 Colo. 131, 581 P.2d 1162 (1978); *Mineral County v. Industrial Commission*, 649 P.2d 728 (Colo.App.1982); *Loffland Brothers v. Baca*, 651 P.2d 431 (Colo.App.1982). Since the Commission has broad discretion in assessing weight and sufficiency of evidence in determining whether a claimant has met his burden of establishing that his claim comes within the scope of his employment, I feel we must affirm the Commis-

sion's opinion. *Sena v. World of Sleep, Inc.*, 173 Colo. 348, 478 P.2d 671 (1970).

Therefore, I would affirm.