**LONGMONT TURKEY PROCESSORS, INC., Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Ricardo Manriquez, Respondents.**

No. 88CA0458.

Colorado Court of Appeals, Div. II.

Nov. 17, 1988.

Daniel J. Collyar, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt Kriksciun, Asst. Atty. Gen., Denver, for respondent The Indus. Claim Appeals Office.

No appearance for respondent Manriquez.

METZGER, Judge.

The focal issue in this case is whether an employee's consumption of alcohol during a brief, paid, rest break on the employer's premises constitutes misconduct occurring "on the job" warranting denial of unemployment compensation benefits pursuant to § 8–73–108(5)(e)(IX), C.R.S. (1986 Repl. Vol. 3B). The Industrial Claim Appeals Office (Panel) awarded Ricardo Manriquez (claimant) full benefits holding that, since claimant "was not performing services for the employer at the time [he consumed the alcohol], he was not 'on the job.'" Asserting that the Panel's definition of "on the job" constituted error as a matter of law, Longmont Turkey Processors, Inc. (employer) seeks review. We set aside the order and remand the cause for entry of an order denying benefits.

The Panel determined that:

"claimant was discharged by the employer after a security officer and his supervisor observed him drinking beer during his afternoon break. The incident took place in the car of claimant's girlfriend, which was parked on property belonging to the employer.... [Asserting that he was eating strawberries,] claimant denied that he was drinking beer."

Section 8–73–108(5)(e)(IX) provides that unemployment benefits shall be denied if a separation from employment results from "[o]n-the-job use of not medically prescribed intoxicating beverages or controlled substances, as defined in § 12–22–303(7), C.R.S....." No statutory definition exists for "on-the-job," nor have any Colorado appellate decisions addressed the issue for unemployment compensation purposes. As well, the unemployment compensation regulations contain no definition of "on the job."

However, in other employment contexts, rest breaks are included in the definition of "on the job." The Colorado Division of Labor regulations define the phrase "time worked" to include rest breaks: "time worked means the time during which an employee is subject to the control of an employer...." Department of Labor Regulations No. 3, 7 Code Colo.Reg. 1103–3. Injuries incurred during rest breaks are generally considered to be within the course of employment for workmen's compensation purposes. *See Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976); *see generally* 1 A. Larson, *Workmen's Compensation Law* §§ 15.50 & 21.71 (1985).

In *Roache v. Industrial Commission*, 729 P.2d 991 (Colo.App.1986), we held that, for workmen's compensation purposes, one of the primary issues for determination was whether the employee was in the course of employment during the rest break period. The underlying inquiry there concerned the existence and extent of the employer's control. We noted that resolution of this question required examination of several factors, including whether the break period was of a duration so short as to support the inference that employment activities were virtually uninterrupted, whether the break was provided for by the employment contract, and whether it was a paid interval. This analysis is helpful to a resolution of the issue presented here.

The record shows that the claimant's drinking occurred on company property during mid-afternoon on a regularly scheduled workday. Claimant's rest break was limited to 15 minutes, and he was required to perform his normal work tasks before and after the break. Claimant was paid for the time he was on the break. It is undisputed that claimant's alcohol consumption violated a company rule and that claimant was aware of this rule.

Even though claimant was not performing services at the time of the drinking incident, the timing of the rest break, its brevity and location, and the fact of uninterrupted compensation evidence the employer's control as contemplated both by the Department of Labor Regulations and the analogous situation in *Roache v. Industrial Commission, supra.* Thus, under these facts, we conclude that claimant was "on the job" for purposes of the application of § 8–73–108(5)(e)(IX). Thus, the Panel's award of benefits based on its interpretation of the statute was an error of law, and we are not bound by it. *Colorado Division of Employment v. Parkview Hospital*, 725 P.2d 787 (Colo.1986).

The Panel also awarded benefits based on § 8–73–108(5)(e)(VIII), C.R.S. (1986 Repl.Vol. 3B), which concerns use of intoxicating beverages or controlled substances off the job. Since we have determined that claimant's consumption of alcohol occurred on the job, that statutory subsection is inapplicable here, and the Panel's award pursuant to this subsection was error.

The order is set aside and the cause is remanded with instructions to deny claimant's request for benefits.

SMITH and MARQUEZ, JJ., concur.