**Joseph P. EISENBERG, Petitioner,**

v.

**COLORADO INDUSTRIAL COMMIS-SION, Corona Drug Company, Inc., State Compensation Insurance Fund, Respondents.**

No. 80CA0632.

Colorado Court of Appeals, Div. II.

Jan. 22, 1981.

Lutz & Berkowitz, Stephen N. Berkowitz, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert S. Hyatt, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.

Edward V. Frayle, William J. Baum, Denver, for respondent Corona Drug Co., Inc.

PIERCE, Judge.

Claimant Joseph P. Eisenberg seeks review of a final order of the Industrial Commission denying his claim for workmen's compensation benefits. We set aside the order and remand the cause with directions.

The Commission's denial of benefits was based on claimant's failure to prove that his heart condition was proximately caused by unusual exertion arising out of and within the course of his employment under § 8–41–108(2.5), C.R.S.1973 (1979 Cum.Supp.). The Commission erred by applying the cited statutory provision as it is applicable only where the claimant has suffered a "heart attack." The record discloses that claimant has never suffered a "heart attack."

We set aside the order and remand the cause to the Industrial Commission to determine whether claimant's heart condition is the result of an accident, injury, or occupational disease, as otherwise defined by § 8–41–108, C.R.S.1973 (1979 Cum.Supp.), which meets the conditions of § 8–52–102, C.R.S.1973 (1979 Cum.Supp.). This remand is without prejudice to the rights of the parties to raise again any issue properly presented after a final award of the Commission.

VAN CISE and KELLY, JJ., concur.