**Barbara E. STREEB, Suzanne E. Streeb, and Andrew D. Streeb, Widow and Dependent Children of Ronald Streeb, Deceased, Petitioners,**

v.

**CITY OF BOULDER, State Compensation Insurance Fund, Mike L. Baca, Richard J. Wise, and Peter Nims, individually and as Members of the Industrial Commission of Colorado, and Charles McGrath, Director of the Division of Labor, Respondents.**

No. 82CA1049.

Colorado Court of Appeals, Div. II.

March 17, 1983.

Rehearing Denied April 28, 1983.

Certiorari Granted Sept. 6, 1983.

Pamala Musgrave, Denver, for respondents City of Boulder and State Compensation Ins. Fund.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel Cantrick, Sp. Asst. Atty. Gen., Patricia A. Blizzard, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

TURSI, Judge.

Petitioners, the widow and dependent children of Ronald A. Streeb, seek review of a final order of the Industrial Commission denying death benefits to petitioners. We set aside the order and remand for further proceedings.

Ronald Streeb, an employee of the fire department of the city of Boulder, died on November 16, 1979. This was shortly before his return from a two-week vacation. At the fact finding hearing, evidence was offered that the decedent suffered from a congenital heart condition, mitral valve prolapse, which in connection with stress may contribute to fatal cardiac arrhythmia. An autopsy report indicated that death was probably due to cardiac arrhythmia. In addition, there was evidence that just prior to his death decedent was undergoing a great deal of stress because he had been passed over for several promotions and because his numerous suggestions for improvements of the department had not been followed, and that no other stressful situations were present in his daily life.

The referee found:

"Decedent suffered from a congenital heart condition known as a mitral insuffi-

ciency. This condition does not ordinarily cause death, but in some cases victims of the condition die due to arrythmia. Stress is a significant factor causing the arrythmia. In the absence of other findings on autopsy, this was found to be the cause of decedent's death. Decedent did not have a heart attack."

In her conclusions of law the referee stated:
"It is clear that decedent's professional dedication and convictions did cause him to suffer from tensions that men of less character might have avoided. It is, therefore, with regret, that it must be concluded that the specific sources of decedent's stress cannot be construed to fall within the statutory definition of the terms 'arising out of and in the course of employment.'"

and that:
"In view of the conclusion that decedent's stress cannot be found to be derived from an injury or occupational disease arising out of and in the course of his employment the question of whether the stress was a proximate cause of his death is not and will not be addressed."

In its final order, the Commission affirmed the referee's finding that decedent's stress was outside of the course of employment, and thus concluded that the referee "properly declined to find that stress was the proximate cause of death."

Citing *Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962), petitioners contend that the weight of the evidence adduced at the hearing established that stress was the cause of the decedent's fatal cardiac arrhythmia and that this stress arose out of and in the course of decedent's employment.

 Any reasonable doubt as to whether a compensable injury arises out of and in the course of employment must be resolved in favor of a claimant, and the mere fact that an injury befalls a claimant at a moment when he is not performing labor for his employer does not necessarily prove that the injury did not arise out of and in the course of employment. *Deterts v. Time Publishing Co.,* 38 Colo.App. 48, 552

P.2d 1033 (1976). Evidence of job stress accompanied by emotional or mental tension may be sufficient to support an award for compensation. *See Denver v. Industrial Commission,* 195 Colo. 431, 579 P.2d 80 (1978).

 Under the evidence presented, there is no basis for the referee's finding that the stress was not associated with decedent's employment, and thus, its role as the cause of decedent's death should have been addressed. We therefore hold that the commission erred in not remanding this matter to the referee to make specific findings on whether the arrythmia which precipitated the death was caused by job related stress arising out of and in the course of employment. *See Eisenberg v. Industrial Commission,* 624 P.2d 361 (Colo.App.1981).

The order is set aside and the cause is remanded to the Industrial Commission with directions to remand to the referee for entry of appropriate findings of fact and for entry of an award. This remand is without prejudice to the rights of the parties to raise again any issue properly presented after a final award has been entered.

PIERCE and SMITH, JJ., concur.