ANAST G. GEORGE, ADMINISTRATOR OF THE ESTATE OF GEORGE A. GEOTAKES, DECEASED, PETITIONER-APPELLANT, v. GREAT EASTERN FOOD PRODUCTS, INC., RESPONDENT-RESPONDENT.

SOPHIE GEOTAKES, PETITIONER-APPELLANT, v. GREAT EASTERN FOOD PRODUCTS, INC., RESPONDENT-RESPONDENT.

Argued January 19, 1965—Decided February 9, 1965.

*Mr. Herman M. Wilson* argued the cause for appellants (*Mr. Robert Scherling,* attorney; *Mr. Wilson,* of counsel).

*Mr. Everitt Rhinehart* argued the cause for respondent (*Mr. John W. Taylor,* attorney; *Mr. Rhinehart,* of counsel).

The opinion of the court was delivered by

HALL, J. In this workmen's compensation case, the employee died from a fractured skull sustained as the result of an idiopathic fall (used in the sense of a fall caused by a purely personal condition having no work connection whatever) "in the course of" his employment. An attack of dizziness, apparently induced by some cardiovascular condition, precipitated the occurrence. He did not strike anything until his head hit the level concrete floor upon which he was standing, bringing about the injury. The Division of Workmen's Compensation dismissed the petitions seeking compensation for the period between the injury and death some few weeks later and for dependency benefits. The Essex County Court reached the same result on appeal and the Appellate Division affirmed in an unreported opinion, holding the case was controlled by this court's 4–3 decision in *Henderson v. Celanese Corp.,* 16 *N. J.* 208 (1954), where the pivotal facts were essentially the same. We granted certification. 43 *N. J.* 261 (1964). Petitioners urge reconsideration of the rule of *Henderson.*

In *Henderson,* a case of first impression in this jurisdiction, the majority, in deciding that the accident was noncompen-

sable, conceded the existence of a division of authority in the precise situation among the other states, but determined that the rationale of some of our earlier cases dealing with the statutory language that a compensable injury must also derive from an accident "arising out of" the employment, *R. S.* 34:15–7, dictated the result reached. The underlying thesis was taken from *Spindler v. Universal Chain Corp.*, 11 *N. J.* 34, 39 (1952):

"If it [the fall] was occasioned by or was the result of a disease or physical seizure and was not contributed to by 'what the workman had to do,' it is not compensable. On the other hand, if the fall 'would not have occurred but for the services rendered' in the employment, it is covered by the statute."

(The burden of proof to establish the idiopathic cause was placed on the employer. 11 *N. J.*, at *p.* 38.) The seeming exclusionary breadth of this thesis was, however, qualified by saying that, even if the inception of the fall was occasioned by a personal condition and non-work connected, the resulting injury was compensable if that injury was caused or contributed to by some added hazard or special condition of the employment. Concrete floors were found not to fall in that category because they are "usual and common in industrial plants" and "[t]he same consequences would probably have been forthcoming had the appellant suffered his seizure in the street or in his home." 16 *N. J.*, at *p.* 214.

The result of the rule is the drawing of an obviously indefinite and, to us, unsatisfactory line. But *cf.* 1 *Larson, Workmen's Compensation Law* § 12.00, 12.10–12.14 inc. (1964 *rev.*). If the inception of the fall has the slightest connection with the employment, the resulting injury is compensable. *Freedman v. Spicer Manufacturing Corp.*, 97 *N. J. L.* 325 (*E. & A.* 1922) (where an employee became dizzy as a result of an inoculation recommended by the employer and fell to the floor, fracturing his skull); *Hall v. Doremus,* 114 *N. J. L.* 47 (*Sup. Ct.* 1934) (where an employee watching a cow in parturition was so overcome as to faint and fall to the con-

crete floor, fracturing his skull). If the employee is caused to fall idiopathically and is located in the course of his employment at even a slight height at the fall's inception or is standing at floor level and on the way down falls into a pit or strikes a table, chair, desk, stove, machinery or some other object situate on the employment premises, the resulting injury is compensable. *Reynolds v. Passaic Valley Sewerage Commissioners*, 130 *N. J. L.* 437 (*Sup. Ct.* 1943), affirmed o. b. 131 *N. J. L.* 327 (*E. & A.* 1944); *Furda v. Scammell China Co.*, 17 *N. J. Super.* 339 (*Cty. Ct.* 1952); *Williams v. Corby's Enterprise Laundry*, 64 *N. J. Super.* 561 (*App. Div.* 1960), certif. denied 34 *N. J.* 330 (1961). Seemingly also, he would be compensated if, through sheer awkwardness, he tripped over his own feet and fell to the floor or, by reason of a congenitally weak back, fell on his head when leaning over to pick up a pencil. But not so, according to *Henderson* and *Stulb v. Foodcraft, Inc.*, 76 *N. J. Super.* 384 (*Law Div.* 1962), if he suffered a spontaneous attack of vertigo and struck nothing but the floor during his descent from a standing posture. The distinctions are neither consistent nor meaningful. Either no consequence of an idiopathic fall should bring compensability or the nature of the result alone should be looked to as the determinant.

We think the latter principle ought to govern as expounded in the rationale so cogently advanced by Judge Clapp in his dissenting opinion in the Appellate Division in *Henderson*, 30 *N. J. Super.* 353, 360 (relied upon by the minority in this Court, 16 *N. J.*, at *p.* 215). Even at the time *Henderson* was decided, it seemed evident that it was enough, in conjunction with the fundamental principle that "an employer takes an employee as he finds him," to constitute an occurrence an "accident" if either the circumstance causing the injury *or* the result on the employee's person was unlooked for, regardless of whether the inception or the underlying reason for the circumstance or result was personal or work connected. *Neylon v. Ford Motor Co.*, 13 *N. J. Super.* 56, 59 (*App. Div.* 1951), reversed 8 *N. J.* 586 (1952), judg-

ment of the Appellate Division affirmed on reargument by an equally divided Court, 10 *N. J.* 325 (1952). There can be no question about the proposition at the present time. *Ciuba v. Irvington Varnish & Insulator Co.*, 27 *N. J.* 127, 134–139 (1958). Here, as Judge Clapp pointed out, "both the circumstance causing the injury (the striking of the floor) and the consequence upon the employee's person were unexpected." 30 *N. J. Super.*, at *p.* 361. We also completely endorse the second necessary element of his thesis that such an unlooked-for mishap arises "out of" the employment when it is due to a condition of the employment—*i. e.*, a risk of *this* employment, and that the impact with the concrete floor here clearly meets that test. Our conclusion therefore is that *Henderson* was incorrectly decided and should no longer be followed.

Of course, we do not mean to intimate that an employee is entitled to compensation for some idiopathic incident in and of itself, as, for example, where one suffers a non-work connected heart attack or convulsion at work and simply dies at his desk or machine or falls to the floor and suffers no injury from the impact. No such claim is made here.

The judgment of the Appellate Division is reversed and the matter remanded to the County Court for further proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For affirmance*—None.