570 P.2d 840 (1977)
MAINTENANCE MANAGEMENT, INC., and the Aetna Casualty & Surety Company, Petitioners,
v.
Charles E. TINKLE and the Industrial Commission of Colorado, Respondents.
No. 77-149.
Colorado Court of Appeals, Div. III.
September 15, 1977.
Rehearing Denied September 29, 1977.
Certiorari Denied November 7, 1977.
*841 Tilly & Graves, Ronald O. Sylling, Denver, for petitioner.
Butler, Landrum, Pierce & Turner, Robert W. Turner, Lakewood, for respondent Charles E. Tinkle.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Timothy R. Arnold, Asst. Sol. Gen., Denver, for respondent Industrial Commission of the State of Colorado.
PIERCE, Judge.
The Industrial Commission awarded workmen's compensation benefits to respondent Charles E. Tinkle. Petitioner Maintenance Management, Inc., and Aetna Casualty and Surety Company appeal on the ground that the evidence does not support the Commission's finding that the injury arose out of and in the course of respondent's employment. We affirm.
Maintenance Management obtained a contract to perform janitorial and maintenance work at an office building. Maintenance Management in turn hired respondent *842 Tinkle on an hourly basis as the building's superintendent. His shift began at 8:00 a.m. and ended at 4:00 p.m. During that time, his duties included replacing lightbulbs, repairing minor damage himself, arranging for electricians and plumbers to be called if needed, doing some spot cleaning, and generally acting as liaison between the tenants and the company which managed the property.
On the day of his injury, Tinkle worked his normal shift. His wife drove to the building and picked him up at approximately 4:15 p.m., and the two went to visit his mother. They left his mother's house at about 5:30 p.m., at which time Tinkle indicated to his wife that he "wanted to go by the building and check something on the way home." She dropped him off at the building and waited for him at the corner. He did not return, and she eventually went back home.
A tenant found Tinkle later that evening lying unconscious at the bottom of a basement stairwell. There was evidence that he had fallen on the stairway. He has not regained consciousness since the date of the injury, December 27, 1971.
There is uncontradicted evidence that Tinkle did on occasion work after hours, but only at Maintenance Management's express direction. A tenant testified that he often saw Tinkle working after hours, but the tenant had no way of knowing whether Maintenance Management directed this after-hour work. On the night of the accident Maintenance Management had not called Tinkle in for extra work.
On the basis of this evidence, the Commission concluded that Tinkle suffered a compensable industrial accident, and awarded him the maximum statutory amount of $64.75 weekly for life.
The petitioners assert that the injury is non-compensable because it did not arise out of and in the course of employment as required by statute. Section 8-52-102(b), C.R.S.1973.
The precise issue, which we address here for the first time, is whether an accident arises out of and in the course of employment when it occurs while an employee, without express authority but with the intent of acting for the benefit of the employer, has returned to his place of work after hours.
The "arising out of" requirement goes to the origins and causes of an injury, while the "in the course of" requirement has more to do with the time and place of injury. Deterts v. Times Publishing Co., Colo.App., 552 P.2d 1033 (1976). Petitioners do not appeal the hearing officer's conclusions as to causation; the only issue is whether the time of injury took it out of the course of employment. Accordingly, the cases cited as controlling by respondent, e. g., Industrial Commission v. Havens, 136 Colo. 111, 314 P.2d 698 (1957), are not applicable since they deal primarily with the question of causation.
Tinkle finished his work and left his place of employment at 4:13 p.m., and his subsequent return was neither acquiesced in nor directed by Maintenance Management. We agree that when an employee violates a specific directive of his employer, such violation takes the act outside of the course of employment, even if the employee intends to benefit the employer by the act. Hoover v. Ehrsam Co., 218 Kan. 662, 544 P.2d 1366 (1976); Burch v. Ramapo Iron Works, 210 App.Div. 506, 206 N.Y.S. 868 (1924); 1 A. Larson, Workmen's Compensation Law § 27.14. But, if the directive is so general that it is outweighed by specific benefits which flow to the employer by its violation, the injury will nevertheless be considered to be within the course of employment. Hayes v. Ambassador Court, Inc., 58 N.J.Super. 215, 156 A.2d 11 (1959); 1 A. Larson, Workmen's Compensation Law, supra.
In Hayes, the employer testified that he instructed the employee, a maintenance man, "to do nothing for the tenants." It was held that this directive, even if supported by the evidence, was so general that its violation would not take the injury out of the course of employment. When an *843 employer does nothing more than fix an employee's general work time, and the employer benefits from an employee's reasonable departure from schedule, he cannot argue that injuries sustained in the departure are not within the course of employment.
Here, Maintenance Management did not explicitly limit Tinkle's working hours. Even if we imply such a limitation from his fixed working hours and from the fact that the evidence indicates he only worked off-duty when directed, we conclude, in accordance with Hayes, that the limitation is so general that its violation will not be held to take the injury out of the course of employment.
From Tinkle's statement that he wanted to check something on the way home, the Commission could reasonably infer that this action was intended to benefit the employer.
We conclude, therefore, that the Industrial Commission properly found that the accident did arise out of and occur in the course of Tinkle's employment.
Order affirmed.
RULAND, J., concurs.
VanCISE, J., dissents.
VanCISE, Judge, dissenting:
This was an unexplained fall, attributable neither to the employment nor to the claimant personally. It did not take place during the claimant's regular working hours, although it did occur at his place of employment. Under these circumstances, since the burden of proof is on the claimant to substantiate his claim, Breit v. Industrial Commission, 160 Colo. 205, 415 P.2d 858 (1966), and since he failed to show "a direct causal connection between his employment and his injury," Finn v. Industrial Commission, 165 Colo. 106, 437 P.2d 542 (1968), the claim should have been denied.