**GATES RUBBER COMPANY,**
Petitioner,

v.

**INDUSTRIAL COMMISSION OF THE STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; Claimants in the matter of Lyle Bigley (deceased), Respondents.**

No. 84CA0594.

Colorado Court of Appeals,
Div. I.

May 16, 1985.
Rehearing Denied June 27, 1985.

Blackman & Levine, Tama L. Levine, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Industrial Commission and Division of Labor.

Edward McHugh, Denver, for respondents Claimants in the Matter of Lyle Bigley.

PIERCE, Judge.

Employer, Gates Rubber Co., seeks review of a final order of the Industrial Commission awarding death benefits to the surviving dependents of Lyle Bigley. Gates contends that Bigley's death did not arise from his employment. We set aside the order.

Bigley was employed by Gates as a freight pusher, a job that entailed pushing a four-wheeled cart loaded with parts to a shipping dock. The accident occurred as he was standing waiting for the cart to be unloaded. According to two witnesses, Bigley's feet suddenly flew out from under him, and he fell, striking his head on the concrete floor of the dock area. He made no effort to catch himself as he fell, and one of the witnesses testified that Bigley appeared to be having a seizure. There was evidence that Bigley suffered from alcoholism and had suffered at least one previous seizure or blackout. He died of an epidural hematoma a few hours after the fall. No evidence was presented that the dock area was slippery or that there was any other structural reason for the fall.

On review, Gates contends that the Commission erred in its determination that claimant's death arose from his employment. We agree.

An accidental death is compensable under the Workmen's Compensation Act if the death "is proximately caused by an injury ... arising out of and in the course of [the worker's] employment." Section 8–52–102(1)(c), C.R.S. (1984 Cum.Supp.). An injury arises out of employment if "there is a causal connection between the duties of employment and the injury suffered." *Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976). There is no competent evidence here to support a finding of this requisite causality.

■ We rule that the principal ground relied upon by the Commission in its determination that Bigley's death arose from his employment is without merit. It held that the employer must take an employee as he finds him, and that here, Gates was aware of Bigley's seizure problems. While we agree that an injury is compensable if it is the result of the concurrence of a pre-existing weakness and a hazard of employment, *see IML Freight, Inc. v. Industrial Commission*, 676 P.2d 1205 (Colo.App.1983); *see also Peter Kiewit Sons' Co. v. Industrial Commission*, 124 Colo. 217, 236 P.2d 296 (1951), this principle presupposes, rather than establishes, a causal connection between the injury and the employment. Thus, the finding that Gates was aware of Bigley's propensity to seizures does not *per se* establish that the injuries he suffered as a result of a seizure occurring at work arose from the employment. *See Irwin v. Industrial Commission*, 695 P.2d 763 (Colo.App.1984, *cert. den.* February 4, 1985).

■ The commission also found that the concrete floor was an "extra hazard" of employment. We reject this contention.

We acknowledge that there are a minority of cases holding that a concrete floor or other hard surface constitutes the "special hazard" of employment such that injuries resulting from idiopathic falls onto such surfaces are causally connected to the duties of employment. In our view, however, the majority of cases are better reasoned and support the contrary rule. 1 A. Larson, *Workmen's Compensation Law* § 12.14 (1984).

■ Level concrete surfaces, such as that upon which Bigley struck his head, are encountered on sidewalks, parking lots, streets, and in one's home. Such a ubiquitous condition does not constitute a special risk of employment. *Borden Foods Co. v. Dorsey*, 112 Ga.App. 838, 146 S.E.2d 532 (1965); *Riley v. Oxford Paper Co.*, 149 Me. 418, 103 A.2d 111 (1954).

The order is set aside and the cause is remanded with instructions to enter an order denying compensation.

STERNBERG, J., concurs.

BERMAN, J., dissents.

**8**

BERMAN, Judge, dissenting.

I respectfully dissent.

The workmen's compensation act is to be liberally construed in order to effectuate its humanitarian purpose of assisting injured workers. *Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976). Accordingly, any reasonable doubts concerning whether an injury arises from the employment must be resolved in favor of the claimant. *Deterts v. Times Publishing Co., supra.*

Here, Bigley's fatal injury was the result of his fall onto the concrete floor of the loading dock. Notwithstanding that concrete surfaces are found in places other than Bigley's place of employment, Bigley's exposure to the particular concrete surface which resulted in his fatal injury was a direct consequence of the duties of his employment. Hence, it is reasonable to conclude that Bigley's death arose from his employment. *See Employer's Mutual Liability Insurance Co. v. Industrial Accident Commission*, 41 Cal.2d 676, 263 P.2d 4 (1953); *Lovett v. Gore Newspapers Co.*, 419 So.2d 306 (Fla.1982); *Pollock v. Studebaker Corp.*, 97 N.E.2d 631 (Ind.App.1951); *George v. Great Eastern Food Products, Inc.*, 44 N.J. 44, 207 A.2d 161 (1965); *General Insurance Corp. v. Wickersham*, 235 S.W.2d 215 (Tex.Civ.App.1951).

For this reason, I would affirm the order of the Industrial Commission awarding death benefits to the surviving dependents of the decedent.