**George BUTLAND and Colorado National Speedway, Inc., Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; and Richard F. King, Respondents.**

No. 87CA0636.

Colorado Court of Appeals, Div. III.

Feb. 11, 1988.

Rehearing Denied March 17, 1988.

Certiorari Denied May 9, 1988.

Blackman & Levine, Lawrence D. Blackman, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Dept. of Labor and Employment.

Carroll, Bradley & Froede, P.C., Rebecca L. Bradley, Westminster, for respondent Richard F. King.

VAN CISE, Judge.

Petitioners, Colorado National Speedway, Inc., and George Butland, the president, owner, and manager of Speedway, seek review of a final order of the Industrial Claim Appeals Office (Panel) which determined that Richard Frank King (claimant) suffered a compensable injury. We affirm in part, set aside in part, and remand for further findings.

The facts as recited by the hearing officer and the Panel are not in dispute. They are summarized below.

Petitioners operate a race track. Butland and claimant arranged for claimant to perform mechanical and maintenance work at the track. Claimant worked on an "as needed" basis and was paid an hourly rate. Butland paid claimant out of his personal funds but subsequently reimbursed himself from corporate funds.

At approximately 3 p.m., April 18, 1984, Butland advised the employees that "they were no longer required to work." Claimant, the supervisor, and at least one other worker remained on the premises, where they also lived. They started drinking. Claimant appeared to be inebriated when, later that afternoon, a heavy equipment operator came to work at the racetrack. This man worked part-time, and was treated as an independent contractor. He attempted to use a grader which was at the work-site, and became angry with the supervisor when he noticed that it had not been repaired. The supervisor refused to repair it, but claimant offered to assist with the repair. The supervisor did not instruct him to do so and the heavy equipment operator did not request claimant's assistance. While working on the grader at approximately five o'clock that afternoon, claimant injured his foot.

Claimant sought workmen's compensation benefits for that injury, and the Panel concluded, in effect, that the injury arose out of and in the course of claimant's employment. *See* § 8–52–102(1)(b), C.R.S. (1986 Repl. Vol. 3B). In so doing it found that the work claimant was performing furthered the interest of the employer, as evidenced by the heavy equipment operator's

impatience that the grader had not been repaired and by the fact that claimant's duties included mechanical work, thus making it "logical that he would have been involved in the repair of the grader."

Citing § 8–41–105(4), C.R.S. (1986 Repl. Vol. 3B), the Panel concluded that claimant was not a "casual" employee. It relied on evidence that petitioners had other employees subject to the Workmen's Compensation Act (the Act).

The Panel also found that claimant was intoxicated at the time of the injury and reduced his benefits by fifty percent pursuant to § 8–52–104(1)(c), C.R.S. (1986 Repl. Vol. 3B). This reduction was offset by a penalty for noninsurance imposed on petitioners under § 8–44–107(1), C.R.S. (1986 Repl. Vol. 3B). These determinations have not been challenged.

Claimant was awarded temporary disability benefits for a six-week period, a one-percent working unit permanent disability, and medical benefits. In entering these orders, the Panel directed the petitioners to pay these benefits.

### I. Scope of Employment

■ Petitioners argue that claimant had violated a direct order to stop working for the day when he volunteered to help another worker and injured his foot. Thus, petitioners urge that benefits should be denied for the reasons set forth in *Bill Lawley Ford v. Miller*, 672 P.2d 1031 (Colo.App. 1983), and that the Panel erred in awarding benefits pursuant to *Maintenance Management, Inc. v. Tinkle*, 40 Colo.App. 80, 570 P.2d 840 (1977). We disagree.

We agree with the Panel that the facts here are more akin to those in *Maintenance Management, supra*. In that case, an hourly employee returned to his place of work after his regular work day without the direction or acquiescence of his employer but for its benefit. Under such circumstances, this court approved an award of benefits, holding that if an employee is not in violation of a specific directive of his employer and is operating under a directive which is so general that its violation is outweighed by specific benefits flowing to the employer, the injuries sustained are

within the course of employment. This rule is the converse of that in *Bill Lawley Ford v. Miller, supra,* which held an employee is not within the course of his employment when he violates an employer's specific order that limits the sphere of his employment.

We conclude that *Maintenance Management, Inc., supra,* is dispositive of the issue here.

### II. Casual Employment

■ Petitioners also assert that, because claimant performed casual maintenance work and was paid less than $2,000 for the calendar year, he was not entitled to benefits under § 8–41–105(4), C.R.S. (1986 Repl. Vol. 3B). The Panel rejected this contention because it concluded that petitioners employed another worker subject to the Act. In doing so, it relied upon the portion of § 8–41–105(4) which states that casual laborers are not entitled to benefits if, among other things, the employer has no other employees subject to the Act.

Nonetheless, petitioners insist that this conclusion was erroneous because the hearing officer and Panel failed to specify whether Butland or the Speedway was claimant's employer. This distinction is pertinent, they argue, because only the Speedway employed other workers subject to the Act.

We agree with the Panel that, even if it is assumed that the hearing officer's rationale is flawed, § 8–41–105(4) does not serve to defeat claimant's right to benefits for another reason. That statute exempts casual laborers from the benefits of the Act only if, among other things, the duties they perform are not within the course of the trade, business or profession of the employer. As the Panel noted, it cannot plausibly be argued that claimant's duties of maintaining the racetrack and its equipment were not within the course of petitioners' business of operating a racetrack.

### III. Delineation of Liability

■ Alternatively, petitioners argue that Butland and not the Speedway is claimant's employer and that the Panel erred in finding them both liable. Petitioners assert

that this conclusion is evidenced by the facts that claimant was not on the corporate payroll, but was paid in cash by Butland.

This issue was not adequately resolved below. The hearing officer made no findings concerning the identity of the employer but ordered both petitioners to pay benefits. The Panel concluded that it was unnecessary to specify which petitioner was the employer because of its resolution, which we have affirmed, of the casual employment argument.

We conclude that the issue should be resolved to identify the obligor of claimant's benefits. We remand for findings, conclusions, and an appropriate order on this issue.

The order is affirmed except to the extent that it orders both petitioners to pay benefits. In that respect, the order is set aside and the cause is remanded for further proceedings consistent with the views expressed herein.

STERNBERG and JONES, JJ., concur.