Thomas A. RAMSDELL, Petitioner,

v.

Bruce HORN d/b/a Horn Construction; Allied Group; and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 88CA1458.

Colorado Court of Appeals,
Div. III.

July 13, 1989.

Rehearing Denied Aug. 10, 1989.

Certiorari Denied Oct. 30, 1989.

Steven U. Mullens, P.C., Samuel H. Collins, Colorado Springs, for petitioner.

Watson, Nathan & Bremer, P.C., Anne Smith Myers, Douglas A. Tabor, Denver, for respondents Bruce Horn d/b/a Horn Const. and Allied Group.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for respondent The Indus. Claim Appeals Office.

Opinion by Judge CRISWELL.

Thomas A. Ramsdell (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) that denied his claim for workmen's compensation benefits for injuries suffered by him while he was employed by Bruce Horn (the employer). We set aside the order.

At the time of his injuries, claimant was 41 years of age and was working as a "framing carpenter" for the employer. He had a 15–year history of epileptic seizures and was, at the time, on anti-seizure medication.

The Administrative Law Judge (ALJ) found, with record support, that claimant's injuries resulted from an epileptic seizure that occurred while he was on a 25–foot high scaffold and his consequent fall from that scaffold. The ALJ thus concluded that, because no employment condition caused his fall, claimant had failed to meet his burden of proving that his injuries arose out of and in the course of his employment.

In its review of the ALJ's order, the Panel did not pass upon this conclusion. Rather, although the issue was not raised by any of the parties before it, the Panel concluded that claimant's injuries were not compensable because claimant had violated an order given to him by his employer.

## I.

While § 8–52–102(1), C.R.S. (1986 Repl.Vol. 3B) requires that a compensable injury be one that arises out of and in the course of an employee's employment, this requirement means, simply, that there must be a nexus between a claimant's injury and his or her conditions of employment. There is no requirement that the conditions of employment be the direct cause of the *event* that caused the injury. *See In re Question Submitted by U.S. Court of Appeals*, 759 P.2d 17 (Colo.1988). An injury may be connected with the employment, and therefore may arise out of that employment, if the employee's work places him in a position in which he ultimately sustains that injury, even though the direct cause of that injury is not employment related. *See Irwin v. Industrial Commission*, 695 P.2d 763 (Colo.App.1984).

Thus, even if the direct cause of an employee's fall is a pre-existing idiopathic disease or condition, any resulting injuries caused by a special employment hazard are compensable. *See Gates Rubber Co. v. Industrial Commission*, 705 P.2d 6 (Colo. App.1985); 1 A. Larson, *Workmen's Compensation Law* § 12.10 (1985). However, to be considered an employment hazard for this purpose, the employment condition must not be a ubiquitous one; it must be a special hazard not generally encountered. *Gates Rubber Co. v. Industrial Commission, supra* (level concrete floor not special hazard because it is a condition found in many non-employment locations).

For this purpose, there is general agreement that an employee who works at a height above ground is subjected to a special hazard. 1 A. Larson, *supra*, § 12.11. And, we have no hesitancy in concluding, as a matter of law, that a 25–foot high scaffold constitutes a special employment hazard to an employee who suffers an epileptic seizure and falls from such scaffolding.

We also conclude, therefore, that any injuries sustained by claimant as a result of his fall, as distinguished from any physical impairments that may have resulted solely from his seizure, were injuries that arose out of and in the course of his employment. Absent some other disqualifying consideration, those injuries were compensable.

## II.

During the course of claimant's cross-examination, he testified that the physician treating his epileptic condition had not imposed any work limitations upon him. He admitted, however, that his employer had told him not to work "up high." From this evidence, the Panel decided that this order limited claimant's "sphere of employment," and therefore, his violation of that order rendered claimant's injuries non-compensable. We conclude that the record is insufficient to allow such a conclusion to be drawn.

For purposes of determining the compensability of an injury, an employer's direction to an employee falls into one of two categories. It may limit the sphere of the employment relationship, or it may simply regulate the employee's conduct while he is engaged in such employment. A violation of an order of the first type means that the employee is no longer within the sphere of employment, so that any injury occurring to the employee does not arise out of or in the course of his employment. A violation of an order of the second type, while it may result in a reduced benefit under § 8–52–104, C.R.S. (1986 Repl. Vol. 3B), does not affect the compensability of an injury. *Industrial Commission v. Funk*, 68 Colo. 467, 191 P. 125 (1920).

The only existing Colorado appellate decision in which an employer's order was determined to be one that limited the sphere of employment is *Bill Lawley Ford v. Miller*, 672 P.2d 1031 (Colo.App.1983). In that case the order was a specific one for the employee to cease all work for the day.

In contrast, in *Funk, supra*, the employee was directed not to work under an overhanging bank without caving in a portion of its overhang. The employee's death, which resulted from his violation of this order, was held to be compensable. *See also Butland v. Industrial Claim Appeals Office*, 754 P.2d 422 (Colo.App.1988) (em-

ployee disobeying general directive that he was no longer needed for the day's work is not disqualified from benefits); *Maintenance Management, Inc. v. Tinkle,* 40 Colo.App. 80, 570 P.2d 840 (1977) (injury incurred after regular work hours was compensable).

 Unlike the specific order involved in *Bill Lawley Ford, supra,* the nature of the general directive here discloses no intent to cause employment cessation, even on a temporary basis. And, the evidence is insufficient to demonstrate that this directive was otherwise intended to limit claimant's sphere of employment.

Since the employer made no claim before either the ALJ or the Panel that claimant's alleged violation of the directive disqualified him from receiving benefits, there was sparse evidence introduced respecting the matter. There is nothing in the record, for example, describing the employer's purpose for the directive, the circumstances under which it was given, when it was given, what the employer intended to prohibit the claimant from doing, or in what manner claimant interpreted that order. Indeed, except to the extent that it may be inferred that claimant's work on a 25–foot high scaffold consisted of working "up high," there is no evidence that the employer considered that claimant's actions on the day of his fall violated the prior directive.

In addition, while claimant testified that he was a "framing carpenter" whose duties were generally related to residential construction, the employer did not provide a description of claimant's job duties, and he did not describe the effect which his general directive to claimant had upon those job duties.

Given the general nature of the directive here and the lack of evidence as to its purpose or its effect upon claimant's general employment responsibilities, we conclude that the record is insufficient to allow the conclusion that it was intended to, or did, limit the sphere of claimant's employment. *See generally* 1A A. Larson, *supra,* § 31.23. Thus, the Panel erred in denying benefits to claimant based upon its conclusion (unsupported by any evidentiary find-

ing of a violation by the ALJ), that claimant violated this directive.

The Panel's order is set aside, and the cause is remanded to it for further proceedings consistent with the views set forth in this opinion.

NEY and RULAND, JJ., concur.