In the Matter of the Claim of Jim M. GREEN, Claimant.

FISCHBACH & MOORE, INC., Employer, and Travelers Insurance Company, Insurer, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of COLORADO, and Robert J. Husson, Director, Department of Labor and Employment, State of Colorado, Respondents.

No. 89CA0468.

Colorado Court of Appeals, Div. V.

Feb. 8, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Carol A. Finley, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Robert J. Husson, Director, Dept. of Labor and Employment.

No appearance for claimant Jim Green.

Bonner E. Templeton, Denver, for petitioners.

Opinion by Judge DAVIDSON.

Petitioners, Fischbach & Moore, Inc., and Travelers Insurance Company, seek review of an order of the Industrial Claim Appeals Office (Panel), in which it affirmed an order of the Director of the Division of Labor (Director) denying an application for admission to the Major Medical Insurance Fund (MMIF) filed on behalf of the claimant. We affirm.

Claimant sustained a compensable shoulder injury in December 1980. In November 1982, while participating in a vocational rehabilitation program, claimant suffered a heart attack. The heart attack was found to be a natural consequence of the industrial injury, and petitioners were ordered to pay the medical expenses incurred in connection with the heart attack.

In June 1987, petitioners applied for admission to MMIF. The Director denied the application, finding that medical benefits for treatment "directly related" to the shoulder injury did not exceed $20,000, and that the MMIF was not responsible for treatment for the heart attack since it occurred after July 1, 1981, the effective date for closure of the MMIF. *See* § 8–66–112, C.R.S. (1986 Repl.Vol. 3B). The Director's ruling was subsequently affirmed by an administrative law judge, and the Panel.

On review, the petitioners contend that it is inconsistent to treat the heart attack as a natural consequence of the original work injury for purposes of liability, and yet hold that the heart attack is a separate injury for purposes of admission to the MMIF. We disagree.

Section 8–66–112 provides in pertinent part:

"Effective July 1, 1981, no further cases shall be accepted into the major medical insurance fund for *injuries* or occupational diseases occurring after that date...." (emphasis added)

■ The issue here is the meaning of the word "injuries" as it relates to qualification for the MMIF. The statute itself is non-specific as to the "injuries" to which it refers. If a statute is non-specific on a point which, nevertheless, is obvious from the clear statutory scheme involved, no special construction of the statute is required. *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976). The statute must be construed consistently with the expressed legislative intent. *Frohlick Crane Service, Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973).

We agree with the Panel that the intent of the General Assembly in adopting § 8–66–112 was to phase out the MMIF

and to make insurance carriers and employers fully liable for medical benefits for injuries incurred after July 1, 1981. In establishing the cut-off date of July 1, 1981, the General Assembly employed broad and comprehensive language admitting of no exceptions.

The petitioners argue, however, that an exception must be made for injuries that are the direct *sequelae* of compensable injuries incurred *prior* to July 1, 1981. We do not agree.

To recognize such a distinction would be tantamount to judicial legislation. An exception not made by the General Assembly cannot be read into the statute. *Karoly v. Industrial Commission*, 65 Colo. 239, 176 P. 284 (1918). Accordingly, we agree with the Panel that claimant's 1982 heart attack was a separate injury for purposes of admission to the MMIF, and that the Director properly denied the petitioners' application.

Order affirmed.

NEY and RULAND, JJ., concur.