NATIONAL HEALTH LABORATORIES and CNA Insurance Companies, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Angela M. Sullivan, Respondents.

No. 92CA0309.

Colorado Court of Appeals, Div. II.

Sept. 10, 1992.

Rehearing Denied Oct. 22, 1992.

Certiorari Denied Feb. 16, 1993.

White and Steele, P.C., Michael A. Perales, Robert H. Coate, Denver, for petitioners.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas S. Parchman, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Dallas, Holland & O'Toole, P.C., Michelle Holland, Denver, for respondent Angela M. Sullivan.

Opinion by Judge PIERCE.

The issue in this review proceeding is whether operation of a motor vehicle constitutes a special hazard of employment. Petitioners, National Health Laboratories and CNA Insurance Companies, contest a final order of the Industrial Claim Appeals Panel awarding the claimant, Angela M. Sullivan, temporary disability and medical benefits. We affirm.

The claimant, a salesperson for petitioners, was driving from lunch to a sales appointment in a company car when she had a seizure, lost consciousness, and collided with a utility pole, sustaining multiple severe injuries. Although claimant had a history of epileptic seizures, she was driving with the knowledge and permission of both her doctor and employer. The doctor had opined that she did not need medication any longer for this condition.

The Administrative Law Judge (ALJ) concluded that the accident occurred in the course and scope of claimant's employment. He further found that, while the immediate cause of the accident was claimant's epileptic seizure, the injuries sustained in the accident were compensable because claimant's employment subjected her to the additional risk of vehicular travel. The Panel affirmed the ALJ's order.

## I.

▪ Initially, we find no merit in petitioners' argument that the accident was outside the scope of employment since claimant was returning to work duties following her lunch break.

Disposition of this issue is controlled by long-established law recognizing the compensability of injuries sustained during the course of an employee's travel to perform work duties for his or her employer. *Berry's Coffee Shop v. Palomba*, 161 Colo. 369, 423 P.2d 2 (1967); *Continental Airlines v. Industrial Commission*, 709 P.2d 953 (Colo.App.1985). Therefore, the dispositive fact is not that claimant was returning to work duties following lunch, but rather, that she was driving a company car and was en route to a sales meeting required by her employment at the time of injury.

▪ An injury is compensable if the employee's travel is at the express or implied request of the employer, *Loffland Brothers v. Baca*, 651 P.2d 431 (Colo.App.1982), or if the travel confers a benefit on the employer beyond the sole fact of the employee's arrival, *Whale Communications v. Claimants in re Death of Osborn*, 759 P.2d 848 (Colo.App.1988), or if the employer made provisions for the employee's transportation. *Monolith Portland Cement v. Burak*, 772 P.2d 688 (Colo.App. 1989).

Each of the foregoing requisites was satisfied here. Claimant was obviously engaged in a work duty which she was both authorized and obligated to perform and which necessitated vehicular travel. Therefore, the accident occurred in the course and scope of her employment.

## II.

▪ Petitioners next argue that claimant's epileptic seizure was a personal risk and that no special hazard of employment brought the accident within the statutory requirement that an injury "arise out of" employment. We disagree.

▪ An otherwise compensable work injury does not cease to arise out of employment because it is partially attributable to a preexisting physical infirmity of the employee. *Subsequent Injury Fund v. Thompson*, 793 P.2d 576 (Colo.1990); *Seifried v. Industrial Commission*, 736 P.2d 1262 (Colo.App.1986). Rather, an injury which results from the concurrence of a preexisting condition and a hazard of employment is compensable. *H & H Warehouse v. Vicory*, 805 P.2d 1167 (Colo.App. 1990). Thus, even if the direct cause of an accident is the employee's preexisting idiopathic disease or condition, the resulting disability is compensable if the conditions or circumstances of employment have contributed to the accident or to the injuries sustained by the employee. *Ramsdell v. Horn*, 781 P.2d 150 (Colo.App.1989).

There is general agreement that vehicular travel constitutes a special hazard of employment:

> Awards are uniformly made when the employee's idiopathic loss of his faculties took place while he was in a moving vehicle.... It seems obvious that the obligations of their employment had put these employees in a position where the consequences of blacking out were markedly more dangerous than if they had not been so employed.

1 A. Larson, *Workmen's Compensation Law*, at § 3–356 to 3–357 (1990).

Here, the claimant sustained severe multiple injuries not from the epileptic attack itself, but because she was traveling by automobile in the course and scope of her employment at the time of her attack. Although the epileptic seizure was personal to claimant, the added risk of vehicular travel arose from her employment.

We therefore conclude that the injuries sustained by the claimant as a result of the accident, as distinguished from physical impairments which may have resulted solely from her seizure, were injuries that arose out of her employment. *Ramsdell v. Horn, supra.*

The Panel's order is affirmed.

REED and RULAND, JJ., concur.