Tyle E. HEMBRY, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO, and Subsequent Injury Fund, Respondents.

No. 93CA1812.

Colorado Court of Appeals, Div. IV.

June 16, 1994.

Law Offices of Allen J. Kincaid, Allen J. Kincaid, Englewood, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jill M. M. Gallet, Asst. Atty. Gen., Denver, for respondent Subsequent Injury Fund.

Opinion by Judge HUME.

Tyle E. Hembry, claimant, seeks review of a final order of the Industrial Claim Appeals

Panel insofar as it failed to assess liability against the Subsequent Injury Fund (SIF). We affirm.

Initially, we note that a full and final settlement was reached between claimant and his employer, Farmers Implement Company, Inc., and approved by the director. Thereafter, since the remaining issue concerned only the liability of the SIF, the parties stipulated to dismissal of the insurer as a necessary party.

In determining such liability after a hearing, the Administrative Law Judge (ALJ) found that the claimant sustained a compensable back injury in November 1987 while working for the employer and that this injury resulted in chronic back pain for which certain medication was prescribed. Claimant returned to work without restrictions, but sustained a second injury in 1991 when he fainted upon rising from his chair after a coffee break.

Relying on certain medical evidence, the ALJ specifically found that the fainting episode of May 1991 was caused by the medication prescribed for the first injury. Therefore, the ALJ concluded that the claimant's permanent total disability was solely the result of the 1987 injury and that the 1991 incident was not a separate industrial injury. Accordingly, the ALJ denied and dismissed the claim against the SIF. On review, the Panel affirmed.

### I.

Claimant first contends that the Panel erred in determining that the 1991 injury was not a separate compensable injury. We disagree.

In reaching the conclusion that the second injury did not constitute a separate compensable event but was the natural and proximate result of the first injury, the Panel relied upon *Excel Corp. v. Industrial Claim Appeals Office*, 860 P.2d 1393 (Colo.App. 1993).

*Excel* applied the "quasi-course-of-employment" doctrine to an activity that would not be considered an employment activity for normal purposes because it took place outside the time and space limits of normal employment. However, we conclude that *Excel* is not dispositive here because the related issues of the employer's liability and whether the 1991 injury occurred during the time and space elements of normal employment were not in dispute. *See In re Question Submitted by U.S. Court of Appeals*, 759 P.2d 17 (Colo.1988).

An employer is responsible for the direct and natural consequences which flow from a compensable injury. *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo. 1985). Whether a causal connection exists between the work-related injury and subsequent injury is a question of fact. *Baca v. Helm*, 682 P.2d 474 (Colo.1984).

If the direct cause of an accident or injury is the employee's preexisting condition, the resulting disability is compensable if a special hazard of the employment contributed to the accident or the injuries sustained by the employee. *National Health Laboratories v. Industrial Claim Appeals Office*, 844 P.2d 1259 (Colo.App.1992). *See also Ramsdell v. Horn*, 781 P.2d 150 (Colo.App. 1989).

However, a later accident that occurs under ubiquitous conditions not peculiar to the work environment does not render the subsequent injury or disability separately compensable. *See Gates Rubber Co. v. Industrial Commission*, 705 P.2d 6 (Colo.App. 1985); *Irwin v. Industrial Commission*, 695 P.2d 763 (Colo.App.1984).

Here, the ALJ expressly determined that the 1991 injury and resulting permanent total disability were caused by the medication prescribed and taken as a result of the industrial injury of 1987. He also found that a claim for degenerative disc disease was not filed and that, contrary to claimant's testimony, the cervical spine condition did not contribute to the permanent disability.

In addition, the ALJ implicitly determined that the claimant's 1991 fall resulted from the effects of the medication prescribed for the first injury and under ubiquitous conditions of his employment. Since the second injury could have happened at any time or place in which the employee happened to faint be-

cause of the effects of his medication, it was not caused by a separate industrial accident.

Accordingly, we agree with the Panel that there were not two separate compensable disabilities that would support imposition of liability on the SIF. *See General Iron Works v. Industrial Commission*, 719 P.2d 353 (Colo.App.1985).

## II.

Claimant also asserts that the Panel erred in determining that the SIF was not bound by the settlement agreement entered into by the employer and claimant, which treated the 1987 and 1991 incidents as separate compensable injuries. We disagree.

It is not necessarily inconsistent to treat an incident as the natural consequence of an original work injury for liability purposes and as a separate injury for settlement purposes. *See In re Claim of Green*, 789 P.2d 481 (Colo.App.1990).

As the Panel concluded, the SIF was not a party to the agreement for full and final settlement. Although the reason for this is not clear from the record, we agree with the Panel that under such circumstances, the SIF neither adopted such agreement nor waived its right to contest the issues in dispute. *See Hendricks v. Industrial Claim Appeals Office*, 809 P.2d 1076 (Colo.App. 1990).

## III.

Finally, claimant contends that the Panel erred in affirming the ALJ's determination regarding his neck condition. However, we agree with the Panel's disposition of this issue.

Order affirmed.

DAVIDSON and BRIGGS, JJ., concur.