## No. C-461

Breckenridge Company and Division of State Compensation Insurance Fund v. Swales Management Corporation and Security Insurance Company of Hartford v. Danny Beyers, Don Lowe, and Industrial Commission of Colorado v. Danny Beyers and Don Lowe v. Harold Stafford and James Coull, d/b/a Stafford-Coull Associates, Donald G. Swales and William E. Clark, Individually and d/b/a Fanny Placer Venture, a joint venture, and Industrial Commission of Colorado

(522 P.2d 737)

Decided May 28, 1974.                    Rehearing denied June 10, 1974.

Francis L. Bury, Robert S. Ferguson, for petitioners Breckenridge Company and Division of State Compensation Insurance Fund.

Weller, Friedrich, Hickisch and Hazlitt, Geoffrey S. Race, for Swales Management Corporation and Security Insurance Company of Hartford.

Brenman, Sobol and Baum, Arthur L. Fine, for Danny Beyers and Don Lowe.

John P. Moore, Attorney General, John E. Bush, Deputy, Peter L. Dye, Assistant, for Industrial Commission of Colorado.

Leonard V. Carlin, for Donald G. Swales and William E. Clark, individually and d/b/a Fanny Placer Venture, a joint venture.

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to review a decision of the Court of

Appeals which held that Breckenridge Company, as a joint venturer on a contract for the sale of land, was liable to claimants-respondents for workmen's compensation under C.R.S. 1963, 81-9-2(1). *Breckenridge Co. and Division of State Compensation Insurance Fund v. Beyers, Lowe and Industrial Commission of Colorado,* 33 Colo. App. 51, 517 P.2d 476 (1973).

## I.

Petitioner Breckenridge is a land development company engaged in selling real estate to purchasers who agree to comply with a master plan of realty development over which Breckenridge maintains ultimate control. It originally entered into a contract on August 23, 1971, with Swales Management Company (SMC) for the sale of property to be used for the construction of a theatre and apartment building. By the contract, Breckenridge was given the right to approve and modify the proposed buildings, consistent with their previously adopted master plan. Breckenridge retained legal title to the property as a means of insuring that their master plan was satisfied, but SMC was responsible for all aspects of financing their venture. There is no evidence that the proceeds or losses of the construction were to be shared, nor that any part of the proceeds of the land sale inured to the purchasers.

It subsequently developed that SMC could not obtain financing, and their president and secretary-treasurer formed a joint venture, Fanny Placer Venture, to obtain the necessary construction funds. The president and secretary-treasurer were personally liable for all obligations of Fanny Placer. Fanny Placer then entered into a contract with Stafford-Coull Associates, a construction firm, for the building of the apartments and theatre. Breckenridge was not a party to that contract. On November 9, 1971, Beyers and Lowe, employees of the construction firm, were injured on the job and initiated workmen's compensation proceedings against SMC, Fanny Placer, Breckenridge and their employers.

On November 23, 1971, two weeks after the accident,

Fanny Placer and Breckenridge finally agreed on the terms of a second contract for sale of the property; the contract was virtually identical to that of August 23, again providing that Breckenridge would have authority to approve all construction plans and modifications and further providing it was to be effective as of August 23, 1971. Again, no sharing of profits or losses was contemplated. On hearing before an Industrial Commission referee, Breckenridge was found to be liable.

The Industrial Commission, in affirming and reversing the referee's findings, held: (1) That Stafford-Coull was not liable under the workmen's compensation laws; (2) that SMC was liable; (3) that Fanny Placer was not liable; (4) that Breckenridge was liable. On review in the Court of Appeals, that court held: (1) That Stafford-Coull was correctly dismissed; (2) that SMC should have been dismissed; (3) that Fanny Placer was liable as was Breckenridge as participants in a joint venture.

Thereafter, both Breckenridge and Fanny Placer petitioned this court for writs of certiorari. We denied Fanny Placer's petition and they are not, therefore, before this court. We granted Breckenridge's petition, however, principally to determine whether the Court of Appeals was correct in affirming that part of the Industrial Commission's findings which found Breckenridge to be a joint venturer with Fanny Placer and thus liable under C.R.S. 1963, 81-9-2(1). We reverse.

## II.

In holding that Breckenridge was liable, the Court of Appeals found that the facts were such that Breckenridge, by reason of its master-plan control of the land development, had entered into a joint venture with Fanny Placer. We disagree.

■■ While it is true that joint venturers may be held liable for claims arising under our workmen's compensation statutes where a joint activity results in injury, *D. E. Jones Construction Co. v. Heirs of Jones,* 29 Colo. App. 482, 487 P.2d 822 (1971), there is no evidence of joint venture. Under

the test which is the law in Colorado, there must be three elements to show joint venture: (1) A joint interest in the property; (2) an agreement, express or implied, *to share in the losses or profits of the venture;* and (3) actions or conduct showing cooperation in the project. No one of these elements alone is sufficient. All three must coexist. *Realty Development Co. v. Feit,* 154 Colo. 44, 387 P.2d 898 (1963).

Applying those principles to the facts in this case, we hold that Fanny Placer and Breckenridge were not engaged in a joint venture. Breckenridge was a seller of land and did not in concert with Fanny Placer contract out any work as section 81-9-2 requires. There is a total absence of evidence of sharing of losses or profits in the subject matter of the contract for sale: the land. Nor, we add, is there any evidence that Breckenridge was to share in the prospective profits from the theatre and apartments. As such, then, there was no evidence of at least two of the necessary elements of a joint venture and the Court of Appeals erred as a matter of law when it found Breckenridge jointly and severally liable.

That portion of the Court of Appeals opinion which holds Breckenridge to be a joint venturer is reversed and remanded for further remand to the Industrial Commission for further proceedings consonant with the views expressed herein.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES do not participate.