**AULT AERIAL APPLICATORS, INC.,**
**Plaintiff-Appellee,**

v.

**Mel IRVINE, Defendant-Appellant.**

**No. 83CA0742.**

Colorado Court of Appeals,
Div. IV.

June 14, 1984.

Shade, Doyle, Klein, Otis, Shaha & Frey, Henry C. Frey, Greeley, for plaintiff-appellee.

Dinner, Hellerich & Lazar, Elizabeth Strobel, Thomas E. Hellerich, Greeley, for defendant-appellant.

LEE *, Justice.

Defendant, Mel Irvine, appeals from a judgment in favor of plaintiff, Ault Aerial

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

Applicators, Inc., for specific performance to convey an undivided one-half interest in an airplane hangar and for attorney fees. We affirm.

The dispute between the parties concerned the terms of their oral agreement with respect to an airplane hangar owned by defendant. The plaintiff's complaint alleged that the defendant agreed to sell it a one-half interest in the airplane hangar for $7,500; that, pursuant to the agreement, plaintiff paid the defendant $7,500; and that, despite plaintiff's complete performance of all of the terms of the agreement, the defendant refused to transfer the one-half interest in the hangar to the plaintiff. The plaintiff sought specific performance of the agreement or, in the alternative, damages.

The defendant filed a counterclaim against the plaintiff in which he alleged that the plaintiff had agreed to purchase the entire interest in the hangar, the purchase of which would be financed by the defendant; that the plaintiff would reimburse the defendant for all costs and expenditures in the purchase, maintenance, upkeep, and improvements of the hangar; and that, in return therefor, the plaintiff would allow the defendant to use a portion of the facilities for his airplane. The defendant alleged that the plaintiff failed to reimburse defendant, and further, denied defendant access to and use of the hangar, thus causing the defendant to incur rental expenses elsewhere. The defendant sought damages totaling $28,843.09.

The evidence in support of the plaintiff's claim included testimony of an attorney who had prepared a bill of sale for the transaction. His testimony supported plaintiff's assertions as to the nature of the agreement as the attorney had heard it discussed by the parties. The defendant introduced two exhibits, letters written by him to plaintiff, to confirm his version of the agreement. The trial court found in favor of plaintiff. In so doing the court stated that it had considered all of the evidence and that it found inconsistencies in defendant's exhibits, rejecting them as "spurious."

Defendant claims on appeal that the court erred in "striking" and refusing to consider his testimony and his exhibits in rendering its decision. This contention is without merit.

■■■ In a non-jury trial, the court determines the credibility of witnesses, weight of the evidence, and inferences to be drawn therefrom. The court's determinations will not be disturbed on review unless so clearly erroneous as to find no support in the record. *People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982). We find ample support in the record for the court's findings.

■■■ The defendant contends that the trial court erred in awarding attorney fees under § 13–17–101(1), C.R.S. (1983 Cum. Supp.), alleging that since specific performance was sought and awarded this is not a "suit involving money damages." We perceive no error.

In the present case although the primary relief sought by the plaintiff was for specific performance of the contract of purchase, the defendant's counterclaim sought damages for breach of contract. Thus, even though plaintiff's claim alone would not have supported an award for attorney's fees, the defendant's counterclaim for damages clearly brought the suit within the ambit of the statute. *Cf. Citizens Bank v. Kruse*, (Colo.App. No. 83CA0550, May 3, 1984).

The defendant further contends that the trial court erred in finding that his defense and counterclaim were groundless, and as such warranted an award of attorney fees against him. Again, we disagree.

A groundless claim is one in which the complaint contains allegations sufficient to survive a motion to dismiss for failure to state a claim but which are not supported by any credible evidence at trial. *See Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984).

Here, the trial court specifically found not only that the bringing of the counter-

claim and the defense of the original claim were groundless but also that they were pursued "in bad faith," based on its finding that defendant's exhibits were spurious and that there was no evidence, other than defendant's testimony, to support his position. The court found, in effect, that defendant willfully testified falsely. The court's findings also reflect consideration of the other factors enumerated in § 13–17–102, C.R.S. (1983 Cum.Supp.). We therefore conclude that the court's award of attorney's fees was justified under the statute.

The judgment is affirmed and the cause is remanded for determination by the trial court of reasonable attorney fees for the appellate proceedings. Section 13–17–103, C.R.S. (1983 Cum.Supp.).

ENOCH, C.J., and COYTE,* J., concur.