AGLAND, INC., a Colorado corporation,
Plaintiff–Appellee,

v.

KOCH TRUCK LINE, INC.,
Defendant–Appellant.

No. 85CA1813.

Colorado Court of Appeals,
Div. I.

June 9, 1988.

McIntyre, Varallo & Dugan, P.C., Michael P. Dugan, Greeley, for plaintiff-appellee.

Edward M. McCord, Colorado Springs, for defendant-appellant.

TURSI, Judge.

Defendant, Koch Truck Lines, Inc. (KTL), appeals the trial court's judgment against it on an open account for fuel delivered by plaintiff, Agland, Inc., to K–Bar Livestock Transport, Inc. We reverse.

Thomas E. Koch, the sole shareholder of KTL, together with William Mau, purchased K–Bar. Both companies were in the business of livestock hauling. Agland opened an account for K–Bar and delivered fuel to it. K–Bar set aside certain tanks and pumps for KTL's use and billed KTL for the fuel it used. As K–Bar experienced financial difficulties, Agland tried to bring the account up to date through arrangements with Koch wherein future deliveries to either K–Bar or KTL would be on a cash basis plus a sum to reduce the current balance due from K–Bar.

These efforts failed and Agland brought this action to collect the account. Default judgment was entered against K–Bar. The trial court directed a verdict in favor of Koch individually, and entered judgment against KTL on the ground that it had acted with K–Bar in a joint venture and was therefore liable on the account.

KTL contends that the trial court erred in finding a joint venture between it and K–Bar. It argues that, although it cooperated with K–Bar, the necessary other two elements of a joint venture, *i.e.*, a joint interest in property and agreement to share profits and losses, were not established. We agree.

Three elements must be present to establish a joint venture: (1) a joint interest in property, (2) an express or implied agreement to share in the losses or profits of the venture, and (3) conduct showing cooperation in the venture. *Breckenridge Co. v.*

*Swales Management Corp.*, 185 Colo. 160, 522 P.2d 737 (1974). Whether the parties were engaged in a joint venture is a question of fact for the trial court to determine from the facts and circumstances in evidence. *Garrett v. Kimbrel,* 151 Colo. 95, 376 P.2d 376 (1962). The trial court's factual determinations will not be disturbed on review unless so clearly erroneous as to find no support in the record. *Gebhardt v. Gebhardt,* 198 Colo. 28, 595 P.2d 1048 (1979); *Ault Aerial Applicators, Inc. v. Irvine,* 684 P.2d 949 (Colo.App.1984).

 KTL concedes cooperation with K–Bar. However, there is no indication in the record of sharing of profits and losses. *See Werkmeister v. Robinson Dairy, Inc.,* 669 P.2d 1042 (Colo.App.1983). Establishment of a common line of credit does not show an agreement to share profits or losses. *Stone v. First Wyoming Bank,* 625 F.2d 332 (10th Cir.1980). Arrangements for economy of expense and convenience of administration without creating joint venture liability are common among carriers. *Berkey v. Third Avenue Ry. Co.,* 244 N.Y. 84, 155 N.E. 58 (1926). Moreover, the cooperation between K–Bar and KTL did not create any shared property rights either in fuel tanks or contract rights. Accordingly, the record does not support the trial court's conclusion that a joint venture existed since only one of the necessary three elements was established by the evidence. No other basis for KTL's liability was presented. Hence, KTL is not liable for the open account with Agland.

Because of our disposition of this issue, we do not reach KTL's other contentions.

Judgment reversed.

PIERCE and PLANK, JJ., concur.